[No. B176692. Second Dist., Div. Two. Aug. 12, 2005.]

DAVID M., a Minor, etc., Plaintiff and Appellant, v.
BEVERLY HOSPITAL et al., Defendants and Respondents.

## COUNSEL

Law Offices of Thomas Edward Wall, Thomas Edward Wall and Stan Stern for Plaintiff and Appellant.

D'Anthony, Poliquin & Doyle, Daniel W. Doyle and David K. Lehm for Defendant and Respondent Beverly Hospital.

Cotkin, Collins & Ginsburg, William H. Ginsburg and Terry L. Kesinger for Defendant and Respondent Rodney Cotner.

## OPINION

**BOREN, P. J.**—The principal issue in this case is which of two statutes of limitations is applicable where a physician negligently fails to report suspected child abuse.

On the one hand, the general three-year statute of limitations for a statutorily created liability (Code Civ. Proc., § 338, subd. (a)),[1] such as the obligation of physicians and others mandated by statute to report reasonable suspicions of child abuse (Pen. Code, §§ 11165.7, 11166), is tolled until the minor reaches the age of majority. (§ 352, subd. (a).) On the other hand, the Medical Injury Compensation Reform Act (MICRA) specifically requires that a suit be filed against a physician for professional negligence within either three years from the date of injury or sometime prior to the minor's eighth birthday, whichever period is longer. (§ 340.5.) We hold that allegations that a

---

[1] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

physician negligently failed to report suspected child abuse, which should have been discovered during a medical examination while rendering professional services, constitute a claim for professional negligence within the meaning of MICRA's more restrictive statute of limitations.

## FACTUAL AND PROCEDURAL SUMMARY

In a complaint filed on August 22, 2003, plaintiff David M. (a minor, born in June 1992) alleged three general negligence causes of action against defendants Rodney Cotner, M.D. (defendant doctor) and Beverly Hospital (defendant hospital). As indicated in the first amended complaint, the first cause of action alleged that on October 3, 1992, defendant doctor observed plaintiff, who had marks on his body which should have caused a reasonable suspicion that the child had been abused. After plaintiff returned home, his father severely abused him physically, resulting in permanent and serious medical issues. And if defendant doctor had reported the suspected abuse on October 3, as he was required to do by statute (Pen. Code, § 11166 et seq.), the child would not have sustained such subsequent physical abuse.

Plaintiff's second cause of action alleged negligence against defendant hospital based on the failure of its nurses and other health care practitioners employed by defendant hospital to fulfill their statutory duty to report to authorities their reasonable suspicions of child abuse. One of defendant hospital's nurses wrote on a hospital report that there were "marks" on plaintiff's body, which should have triggered the statutory duty to report suspected child abuse and thus allegedly prevented the subsequent abuse.

The third cause of action asserted negligence by defendant hospital in failing to fulfill its duty to ensure compliance by its doctors, nurses and other agents with the mandatory statutory requirement of reporting suspected physical abuse of children. As an alleged proximate cause of the breach of such duty, plaintiff sustained severe injuries.

Defendant doctor demurred on the grounds that any statutory claim against a physician for failing to report child abuse necessarily arises out of the physician's professional duties, and the claim is thus subject to the limitations period in section 340.5.[2] Since plaintiff's complaint was filed outside that

---

[2] Section 340.5 provides, in pertinent part, as follows: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or

statute of limitations (i.e., almost 11 years after the alleged malpractice and over three years after plaintiff's eighth birthday), defendant doctor urged the action was barred by the statute of limitations. Defendant hospital also demurred on the grounds of the statute of limitations. Plaintiff opposed the demurrers, arguing that the three-year limitations period for violation of a statutory requirement should apply, pursuant to section 338,[3] but should be tolled during the period of his minority, pursuant to section 352.[4]

The trial court sustained the demurrers without leave to amend and then dismissed the complaint as to both defendants.

## DISCUSSION

■ Reviewing the matter in accordance with the customary standard of appellate review, " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law.' " (*Moore v. Conliffe* (1994) 7 Cal.4th 634, 638 [29 Cal.Rptr.2d 152, 871 P.2d 204].) A demurrer challenges the validity of the causes of action "and places at issue the legal merits of the action on assumed facts." (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324 [182 Cal.Rptr. 506, 644 P.2d 192].)

■ At issue here is the application of the statute of limitations in section 340.5, originally enacted in 1970 (Stats. 1970, ch. 360, § 1, pp. 771–772), but amended in 1975 as part of MICRA (Stats. 1975, 2d Ex. Sess., ch. 2, §§ 1.192, 12.5, pp. 3991, 4007). The amended statute reduced the maximum limitations period for professional negligence actions against health care providers from four years to three years after the date of injury, and it tolled this period only in certain specified circumstances. (§ 340.5; see *Young v.*

---

diagnostic purpose or effect, in the person of the injured person. Actions by a minor shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period. Such time limitation shall be tolled for minors for any period during which parent or guardian and defendant's insurer or health care provider have committed fraud or collusion in the failure to bring an action on behalf of the injured minor for professional negligence. [¶] . . . . [¶] (2) 'Professional negligence' means a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital."

[3] Section 338, subdivision (a) requires that an action must be filed "[w]ithin three years" if it is an "action upon a liability created by statute, other than a penalty or forfeiture."

[4] Section 352, subdivision (a) provides that "[i]f a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335) is, at the time the cause of action accrued either under the age of majority or insane, the time of the disability is not part of the time limited for the commencement of the action."

*Haines* (1986) 41 Cal.3d 883, 893 [226 Cal.Rptr. 547, 718 P.2d 909].) With respect to minors, an action not tolled must be brought within three years from the date of the wrongful act or by the minor's eighth birthday, whichever occurs later. (§ 340.5.)

Section 340.5 "was adopted as a response to a perceived 'major health care crisis in the State of California attributable to skyrocketing malpractice premium costs and resulting in a potential breakdown of the health delivery system . . . .' [Citation.]" (*Young v. Haines, supra,* 41 Cal.3d at p. 894.) The Legislature's intent in enacting MICRA was to "restrict the tolling provisions in malpractice actions. The 'long tail' claims, the Legislature noted, had been a contributing cause of the perceived malpractice insurance crisis which precipitated MICRA. [Citations.]" (41 Cal.3d at p. 896.) "Evidently, the Legislature found a relationship between the malpractice insurance crisis and the former statute of limitations. Commentators had observed that the delayed discovery rule and the resulting 'long tail' claims made it difficult to set premiums at an appropriate level. [Citations.] Presumably, the legislative goal in amending section 340.5 was to give insurers greater certainty about their liability for any given period of coverage, so that premiums could be set to cover costs." (*Id.* at p. 900.)

In the present case, the alleged medical negligence occurred on October 3, 1992. Under section 340.5, a timely complaint would have to have been filed prior to plaintiff's eighth birthday, which was in June of 2000. The complaint herein, however, was filed on August 23, 2003, and thus was untimely by over three years.

Plaintiff's contention that the applicable limitations period is three years under section 338, subdivision (a), which is tolled during the period of his minority under section 352, subdivision (a), is without merit. The fundamental problem with that contention is that the present action is one for professional negligence, a situation specifically defined and encompassed by the applicable statute of limitations in section 340.5.

■ As defined in section 340.5, subdivision (2), professional negligence "means *a negligent* act or *omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury* or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital." (Italics added.) Plaintiff alleges that in defendant doctor's capacity as a physician at defendant hospital he negligently omitted to act in a manner he should have regarding the statutory reporting requirement, and it is

undisputed that he did so while rendering professional medical services to plaintiff. Thus, section 340.5 on its face applies to the present situation.

Plaintiff urges that the general three-year statute of limitations and its tolling should apply because "[t]he failure to report suspected child abuse is more than mere professional negligence." To the contrary, the conduct alleged in the present case is professional negligence and nothing more.

■ Under Penal Code section 11165.7, physicians, licensed nurses and other specified health care workers are "mandated reporters" with a duty to report reasonable suspicions of child abuse or neglect, but only when discovered in the context of their "professional capacity or within the scope of [their] employment." (Pen. Code, § 11166, subd. (a).) Here, since defendant doctor's mandated duty to report suspected child abuse arose when he was acting within the course and scope of the performance of his professional duties, the statute of limitations pertaining to professional negligence (§ 340.5) must apply. This is not a case where the failure to report is premised on any theory other than negligence. Had plaintiff alleged that defendant physician intentionally concealed his failure to report (see Pen. Code, § 11166, subd. (b)) or that he intentionally failed to report known or suspected abuse, the restrictive limitations period provided by section 340.5 would not apply. As explained in *Noble v. Superior Court* (1987) 191 Cal.App.3d 1189, 1193 [237 Cal.Rptr. 38], MICRA statute of limitations provisions that apply to professional negligence actions against health care providers do not apply to intentional tort claims. (Accord, *Waters v. Bourhis* (1985) 40 Cal.3d 424, 432–433 [220 Cal.Rptr. 666, 709 P.2d 469] [MICRA limitations on attorney fees applied only to claim based on health care provider's alleged professional negligence but not to claim based on intentional misconduct]; *Perry v. Shaw* (2001) 88 Cal.App.4th 658, 668 [106 Cal.Rptr.2d 70] [MICRA noneconomic damages cap applied to claim based on professional negligence but not to intentional tort claim].)

■ Moreover, there is no denial of equal protection of the law just because teachers, social workers and numerous other mandated reporters listed in Penal Code section 11165.7 who are not health care providers are not covered by section 340.5. As the Supreme Court has held in rejecting equal protection claims in other medical malpractice contexts, it is "entirely rational for the Legislature to limit the application of the enacted measures to the medical malpractice field, since it was the 'crisis' in that particular area which the Legislature hoped to alleviate." (*Roa v. Lodi Medical Group, Inc.* (1985) 37 Cal.3d 920, 930 [211 Cal.Rptr. 77, 695 P.2d 164] [statutory limits on attorney contingent fees in a medical malpractice action are constitutional]; see also *Barme v. Wood* (1984) 37 Cal.3d 174 [207 Cal.Rptr. 816, 689 P.2d

446] [statute barring a "collateral source" from obtaining reimbursement from a medical malpractice defendant is constitutional].)

Also unavailing is plaintiff's reliance on *Landeros v. Flood* (1976) 17 Cal.3d 399 [131 Cal.Rptr. 69, 551 P.2d 389] (*Landeros*) for the assertion that an action based on the statutory duty of a physician to report suspected child abuse is separate and distinct from an action based on medical malpractice. In *Landeros*, a medical malpractice case, the court observed that a party could file a civil lawsuit against a physician for failure to report suspected child abuse based on a violation of the relevant Penal Code provisions.[5] (*Landeros*, at pp. 413–414.) Although in *Landeros* several causes of action alleged in the complaint asserted statutory violations, the court treated them not as separate causes of action but as "alternative counts" setting forth the theory of liability based on the presumption of a failure to exercise due care because of the violation of the reporting statute. (*Id.*, at p. 413; see Evid. Code § 669.)

The plaintiff in *Landeros* had "only one cause of action because only one of her primary rights ha[d] been invaded—her right to be free from bodily harm: 'There was one injury and one cause of action. A single tort can be the foundation for but one claim of damages.' " (*Landeros, supra,* 17 Cal.3d at p. 413.) Thus, the court concluded that the failure to report suspected child abuse supported a cause of action for negligence against a health care provider, despite the fact that the claim was premised on a statutory violation. (*Id.* at pp. 405, 413.)

Similarly, here, plaintiff's claim of a violation of the reporting statute is merely a theory of liability, and his cause of action is for negligence against a health care provider. Thus, the applicable limitations period for actions against a health care provider is not the general statute of limitations with tolling during the age of minority under sections 338 and 352, but rather the specific limitations period in section 340.5.

■ Also supporting this conclusion is the well-settled principle that a more recent and more specific statute controls over an earlier and more general one. (See, e.g., *Woods v. Young* (1991) 53 Cal.3d 315, 325 [279 Cal.Rptr. 613, 807 P.2d 455]; *Young v. Haines, supra,* 41 Cal.3d at p. 894.)

---

[5] As discussed in *People v. Davis* (2005) 126 Cal.App.4th 1416, 1427–1429 [25 Cal.Rptr.3d 92], *Landeros* addressed former Penal Code section 11161.5, which was the precursor to Penal Code section 11166, the current child abuse reporting statute. However, the statutory changes in the language in the current law concern clarifications regarding the circumstances under which the physician's reporting obligation is triggered. (*People v. Davis, supra,* at pp. 1428–1429.) Such changes are of no consequence to the statute of limitations issue in the present case.

Section 340.5, originally enacted in 1970 (Stats. 1970, ch. 360, § 1, pp. 771–772), specifically deals with tort claims against health care providers, while sections 338 and 352 date back to 1850 (Stats. 1850, ch. 127, §§ 17, 23, pp. 345, 346), have more general application, and do not deal specifically with health care providers. To apply sections 338 and 352 here would render a nullity the more specific limitations period and tolling provisions in section 340.5, contrary to established principles of statutory construction.

Equally without merit is plaintiff's analogy to the situation in *Covenant Care, Inc. v. Superior Court* (2004) 32 Cal.4th 771 [11 Cal.Rptr.3d 222, 86 P.3d 290] (*Covenant Care*), which held that the procedural prerequisites for punitive damages in an action arising out of the professional negligence of a health care provider did not apply to a punitive damage claim alleging elder abuse under the Elder Abuse and Dependent Adult Civil Protection Act. (Welf. & Inst. Code, § 15600 et seq.) Plaintiff urges that since the court in *Covenant Care* examined the purpose of the elder abuse legislation and gave it a construction that furthered its purposes (*Covenant Care, supra*, at pp. 782–789), we likewise should construe the statute of limitations issue with a view toward furthering the purposes of the child abuse reporting legislation and opt for the less restrictive limitations period.

However, the situation in *Covenant Care* is a flawed analogy. First, unlike with the child abuse reporting statute at issue here, the neglect which gives rise to liability under the elder abuse legislation does not have to occur in the course and scope of the defendant's duties as a physician. As the court in *Covenant Care* explained: "[E]lder abuse as defined in the [statute], even when committed by a health care provider, is not an injury that is 'directly related' to the provider's professional services. That statutory elder abuse may include the egregious withholding of medical care for physical and mental health needs is not determinative. As a failure to fulfill custodial duties owed by a custodian that happens also to be a health care provider, such abuse is at most incidentally related to the provider's professional health care services. [¶] That is, *claims under the Elder Abuse Act are not brought against health care providers in their capacity as providers but, rather, against custodians and caregivers that abuse elders and that may or may not, incidentally, also be health care providers.*" (*Covenant Care, supra*, 32 Cal.4th at p. 786, italics added.)

Second, the situation addressed in *Covenant Care* is different from the typical negligence in medical malpractice since the elder abuse legislation specifically "excludes from its purview causes of action based on such [ordinary] negligence." (*Covenant Care, supra*, 32 Cal.4th at p. 781; see Welf. & Inst. Code, § 15657.2.) Rather, elder abuse " 'refer[s] to forms of abuse or neglect performed with some state of culpability greater than mere

negligence.' " (*Covenant Care, supra,* at p. 781.) Thus, the court found that the statutory limitation on punitive damages against a health care provider for professional negligence (§ 425.13), did not apply to elder abuse allegations, which involve more than mere professional negligence and entail recklessness, oppression, fraud or malice. (*Covenant Care, supra,* at pp. 776, 790.)

In contrast to the situation in *Covenant Care,* the present case involves ordinary negligence.[6] The complaint alleged in essence simply that defendant doctor failed, while acting in the course and scope of his duties as a physician, to appreciate that plaintiff's injuries should have given rise to a reportable suspicion of child abuse. Plaintiff's claim is thus one for medical malpractice based on ordinary negligence and is subject to the statute of limitations in section 340.5.

■ Application of section 340.5 here is also consistent with the holding of the California Supreme Court that "[n]o tolling provision outside of MICRA can extend the three-year maximum time period that section 340.5 establishes." (*Belton v. Bowers Ambulance Service* (1999) 20 Cal.4th 928, 931 [86 Cal.Rptr.2d 107, 978 P.2d 591].) As the court explained, "to allow a non-MICRA provision to extend section 340.5's [limitation's period] would be inconsistent with the phrase 'In no event' at the beginning of the second sentence of that section and the enumeration of exceptions not applicable here." (*Belton, supra,* at p. 931.) Accordingly, because defendant doctor's duty to report suspected abuse arose in the context of providing health care services, plaintiff's allegations necessarily sound in professional negligence, and are thus subject to the MICRA statute of limitations period in section 340.5.

Similarly, the cause of action against defendant hospital, based on the failure of its nurses and other health care practitioners employed at the hospital to report reasonable suspicions of child abuse, is barred by the statute of limitations period in section 340.5. Also barred by the same statute is the cause of action alleging negligence in the failure of defendant hospital to fulfill its duty to ensure compliance by its doctors, nurses and other agents with the mandatory child abuse reporting requirements. Defendant hospital, as a health care provider, indeed had a duty "to use reasonable care and diligence in safeguarding a patient committed to its charge" (*Thomas v. Seaside Memorial Hospital* (1947) 80 Cal.App.2d 841, 847 [183 P.2d 288]), but any failure to do so would amount to professional negligence within the meaning and constraints of section 340.5.

---

[6] Though the reasoning in *Covenant Care* is not applicable here, we do not intend to foreclose its application in situations where there are allegations of intentional or egregious conduct in connection with a physician's failure to report known or suspected child abuse.

Accordingly, the trial court properly sustained the demurrers without leave to amend and granted judgment in favor of defendant doctor and defendant hospital.

## DISPOSITION

The judgment is affirmed.

Doi Todd, J., and Nott, J.,[*] concurred.

A petition for a rehearing was denied August 31, 2005, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied November 16, 2005. Werdegar, J., and Moreno, J., were of the opinion that the petition should be granted.

---

[*]Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.