## A06A1205. McGARRAH et al. v. POSIG.

(635 SE2d 219)

MIKELL, Judge.

Appellants Nancy A. McGarrah, a licensed psychologist, and her practice, Cliff Valley Psychologists, P.A., defendants below, bring this interlocutory appeal from the State Court of DeKalb County's denial of their motion for summary judgment. For the reasons that follow, we reverse.

This case stems from psychological therapy and treatment provided by McGarrah[1] to K. P. G., the minor child of appellee Michelle Posig. Posig sued McGarrah[2] as mother and guardian of K. P. G., alleging that McGarrah breached a professional standard of care by her failure to detect and report sexual abuse of K. P. G. Under OCGA § 19-7-5, licensed psychologists must report suspected child abuse,[3] including sexual abuse,[4] to the appropriate authorities;[5] knowing and wilful failure so to report is a criminal offense, a misdemeanor.[6]

Construing the evidence and all inferences therefrom in a light most favorable to the nonmoving party, as we must on review of the grant or denial of a motion for summary judgment,[7] the record shows that, following a contentious divorce and custody battle, Posig and her ex-husband, David Gore, K. P. G.'s father, sought "postdivorce parent coordinating" from Susan Boyan, a licensed marriage and family therapist.[8] During these parent counseling sessions, Posig alleged that Gore had sexually abused K. P. G. since she was an infant. Although Boyan found no evidence of abuse and made no report under OCGA § 19-7-5, she took the allegations seriously and referred the then five-year-old K. P. G. to McGarrah for evaluation "in order to explore abuse issues."

---

[1] Appellant Cliff Valley Psychologists, P.A., was named as a defendant in the complaint on the theory of respondeat superior, agency or apparent agency.

[2] Also named as defendants were Susan Boyan and Family Solutions, LLC, a/k/a Cooperative Parenting Institute. The trial court below granted summary judgment on behalf of these defendants, and they are not before this Court on this appeal.

[3] OCGA § 19-7-5 (c) (1) provides that "[t]he following persons having reasonable cause to believe that a child has been abused shall report or cause reports of that abuse to be made as provided in this Code section: . . . (D) Licensed psychologists." Subsection (c) (1) also mandates reporting of child abuse by physicians, hospital personnel, dentists, nurses, professional counselors, social workers, teachers, guidance counselors, and certain other persons who in their professional work might see indications of abuse in the children they treat.

[4] OCGA § 19-7-5 (b) (3.1).

[5] OCGA § 19-7-5 (e).

[6] See OCGA § 19-7-5 (h).

[7] *Fulton-DeKalb Hosp. Auth. v. Reliance Trust Co.*, 270 Ga. App. 822, 823 (608 SE2d 272) (2004).

[8] Dr. Boyan did not see or treat K. P. G. professionally, but only her mother and father.

McGarrah saw K. P. G. professionally for evaluation and psychological treatment from January 30 to November 7, 2001. During her sessions with K. P. G., McGarrah learned that K. P. G. was obsessed with obtaining what she described to McGarrah as a "tickle feeling," which McGarrah understood to refer to masturbation; that K. P. G. sought this "feeling" both in the bathtub while her mother was bathing her and in a "crushing game" she played with her father, in which he would lie on top of his daughter; and that K. P. G. "seemed to be quite needy for attention from other adults." Because of K. P. G.'s age-inappropriate sexual behavior, McGarrah diagnosed K. P. G. with "adjustment reaction," and she recommended that K. P. G. continue to receive therapy from another psychologist. Ultimately, after consulting with other professionals and presenting a hypothetical on the case to the ethics committee of the Georgia Psychological Association, McGarrah determined that K. P. G. was not the victim of sexual abuse, so she did not file a report pursuant to OCGA § 19-7-5.

On November 25, 2002, more than a year after McGarrah's evaluation of K. P. G. had ended, Dr. Kirsten Silverman, K. P. G.'s pediatrician, reported to the authorities suspected child sexual abuse of K. P. G. by her father. Subsequent investigations by child welfare agencies did not result in Gore's arrest or criminal prosecution for abuse of K. P. G., although one investigator determined that Gore's behavior did suggest sexual abuse. Posig herself never made any report of her husband's alleged abuse of her daughter to the authorities, because, she testified, she deferred to the therapists who were treating her daughter. On May 4, 2004, subsequent to her filing of this lawsuit,[9] Posig signed a partial consent agreement in Fulton County Superior Court, which granted herself and Gore joint legal custody of K. P. G. and stated that "both parents are fit and capable parents."

In moving for summary judgment below, McGarrah relied on the opinions of this Court in *Cechman v. Travis*,[10] *Vance v. T. R. C.*,[11] and *Fulton-DeKalb Hosp. Auth. v. Reliance Trust Co.*[12] In these decisions, we have clearly held that OCGA § 19-7-5 does not create a private cause of action for failure to report child abuse.[13] The trial court nonetheless denied McGarrah's motion, finding that "issues of fact remain for decision regarding whether Dr. McGarrah breached the standard of care by failing to report suspected abuse and whether [K. P. G.] suffered an injury due to the breach." In so ruling, the court

---

[9] The complaint was filed on October 1, 2003.

[10] 202 Ga. App. 255 (414 SE2d 282) (1991).

[11] 229 Ga. App. 608 (494 SE2d 714) (1997).

[12] Supra.

[13] *Fulton-DeKalb Hosp.*, supra at 825; *Vance*, supra at 611 (1) (a); *Cechman*, supra at 256

below distinguished the case at bar from *Cechman, Vance,* and *Fulton-DeKalb Hosp.* on the grounds that, in these decisions, the plaintiff's common-law claims failed, not because no cause of action at common law existed, but because the injury to the plaintiff was not the proximate result of the breach of any legal duty owed by the defendants.

We disagree with the lower court's reasoning. This appeal is controlled by *Fulton-DeKalb Hosp.*[14] In that case, this Court carefully considered whether failure to detect and report child abuse gives rise to a cause of action for professional malpractice. There, in a case which was truly horrific on its facts, Terrell Peterson, a small child, was first brought to the emergency room of Grady Memorial Hospital in November 1996.[15] His injuries at that time were so severe that the treating doctor diagnosed "battered child syndrome" and made a report of child abuse to the authorities pursuant to OCGA § 19-7-5. Terrell was again brought to the emergency room in late 1996, for burns on his feet, but no report of abuse was made, and the child was released to the care of his foster grandmother, the alleged abuser. The last time Terrell came to the emergency room, in January 1998, he was pronounced dead on arrival — the result of child abuse.[16] Refusing to overrule its decisions in *Cechman* and *Vance,* this Court ruled that, even if the failure to report little Terrell's burned feet was a violation of the mandated reporting requirement of OCGA § 19-7-5, the hospital authority breached no legal duty to Terrell by such failure to report, and such failure to report was not the proximate cause of Terrell's injuries,[17] which were suffered allegedly at the hands of his own foster grandmother.[18]

As this panel noted in oral argument, there may well be a *moral* duty to report child abuse, if it is reasonably suspected. The *legal* duty to report, however, is imposed in Georgia by statute, and as stated above, this statute does not give rise to a private cause of action for damages. In support of her claims, Posig attached to her complaint the affidavit of a licensed psychologist who states that the applicable standard of care "calls for psychologists . . . to report to the appropriate authority reasonable suspicions of child abuse and neglect," and that, in his opinion, McGarrah "was negligent and deviated from the applicable standards of care in either failing to reasonably suspect

---

[14] Supra.

[15] Id. at 823.

[16] Id.

[17] Id. at 825-826.

[18] Id. at 823, n. 4.

child sexual abuse given the information with which she was presented, or failing to report such suspicions to investigative authorities if she indeed did have them, as she should have." This affidavit does not, and cannot, create a legal duty where none existed before. We note that a similar affidavit was presented in *Fulton-DeKalb Hosp.*[19] Nevertheless, this Court declined to find that the hospital authority breached a legal duty to Terrell in failing to report the abuse.[20] Similarly, in *Vance*,[21] this Court refused to impose civil liability on a doctor for his failure to report herpes found in a 13-year-old female patient, in spite of expert testimony, cited by the dissent, that the failure to report amounted to a breach of professional responsibility.[22]

Posig has presented cases from other jurisdictions in her excellent supplemental brief.[23] We do not, however, find these cases persuasive. As stated above, this case is controlled by *Fulton-DeKalb Hosp.*[24]

Cases such as the one at bar can certainly present distressing allegations of abuse, and this Court is sympathetic to the plight of abused children such as Terrell Peterson. Nonetheless, any change in the law in these matters lies in the realm of the legislature. As this Court has stated on an earlier occasion, "[t]he ramifications of creating a tort liability must be weighed against the consequences of resultant potential over-reporting. This is a legislative task which either has been fulfilled by the choice for criminal law liability instead, or has yet to be done if and when the legislature determines to undertake it."[25]

---

[19] Id. at 823. There, the plaintiff presented the affidavit of a physician "who testified that in his opinion the Hospital had breached the generally accepted standard of care and skill ordinarily exercised by members of the medical profession by failing to timely identify, treat, report, and follow up on Terrell's child abuse and/or neglect."

[20] Id. at 824.

[21] Supra.

[22] Id. at 615 (McMurray, P. J., dissenting). The *Vance* majority reasoned that (1) the reporting statute does not create a civil cause of action in favor of the abused child (id. at 610 (1) (a)); (2) in any case, the physician there (Vance) did not violate the reporting statute, because his failure to report was not "knowing and wilful" (id. at 612 (1) (b)); and (3) the harm done to the child (she became pregnant by her abusive foster father (id. at 608)) was not caused by Vance but by the abuser (id. at 612-613 (2)). Vance had no duty to control the abuser here, because Vance was not in a position to control the abuser's actions, nor was Vance as the child's physician liable to the child for future acts of child abuse by a third-party abuser. Id.

[23] *David M. v. Beverly Hosp.*, 131 Cal. App.4th 1272 (32 Cal. Rptr.3d 649) (2005); *Doe v. Winny*, 327 Ill. App.3d 668 (764 NE2d 143) (2002); *Landeros v. Flood*, 17 Cal.3d 399 (551 P2d 389) (1976).

[24] Supra.

[25] *Vance*, supra at 611 (1) (a).

Appellee Posig has failed to state a cause of action recognized under current Georgia law, and therefore the trial court erred in denying appellant McGarrah's motion for summary judgment.

*Judgment reversed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JULY 28, 2006 

Gorby, Reeves & Peters, Michael J. Gorby, James W. Standard, Jr., for appellants.

*Chambers, Aholt & Rickard, Laura Wilson Speed-Dalton, Ian R. Rapaport,* for appellee.

*Rogers & Hardin, Thomas J. Mew IV, Robert B. Remar,* amici curiae.