[No. B233498. Second Dist., Div. Eight. Aug. 27, 2012.]

JOHN ME DOE, Plaintiff and Appellant, v.
DOE 1 et al., Defendants and Respondents.

COUNSEL

Law Offices of Anthony M. De Marco, Anthony M. De Marco; Jeff Anderson & Associates, Michael Finnegan, Sarah Odegaard; Kiesel Boucher Larson and Raymond Boucher for Plaintiff and Appellant.

McKool Smith Hennigan, Lee W. Potts and J. Michael Hennigan for Defendants and Respondents.

OPINION

**RUBIN, Acting P. J.**—Plaintiff John Me Doe appeals from the judgment dismissing his complaint against four Catholic Church entities for childhood sexual abuse by a parish priest in the 1980's after the trial court sustained the church entities' demurrers because the statute of limitations had expired. Because plaintiff alleged that he received psychological counseling paid for by one church entity's insurer, but did not receive notice of when the statute of limitations would run as required by Insurance Code section 11583, we hold that the statute of limitations was tolled, making the complaint timely. Accordingly, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

In August 2010, plaintiff John Me Doe sued four Catholic Church entities as Doe defendants, alleging that his local parish priest sexually molested him in 1987 and 1988.[1] Plaintiff alleged that he was born in 1975, and was

---

[1] We will sometimes refer to the four Doe defendants collectively as respondents.

between the ages of 12 and 13 when the abuse occurred. Plaintiff alleged that he did not discover that he had adult-onset psychological injuries that were caused by the childhood molestation until 2008, and that he first retained a lawyer that same year.

Plaintiff also alleged that the statute of limitations was tolled under Insurance Code section 11583 because in 1988, defendants Doe 1 and Doe 2 encouraged him and his parents to see a counselor for therapy to address the sexual abuse he had suffered, and that he attended one such session, which was paid for by Doe 1 and its insurance carrier. Plaintiff alleged that this therapy session, with a handpicked counselor who was sympathetic to the church, was part of a larger design to pacify the victims and shield the offending priest, whose activities were allegedly known by the church for some time, and who the church encouraged to flee before he could be arrested.

Respondents demurred to the complaint, contending it was barred by the statute of limitations because plaintiff did not sue in 2003 during the one-year revival period for claims that were barred under the previous statute of limitations. (Code Civ. Proc., § 340.1, subds. (b), (c).)[2] The trial court sustained the demurrer without leave to amend on the ground that Insurance Code section 11583 could not toll the statute of limitations beyond plaintiff's 26th birthday, and that plaintiff missed his chance to sue during the one-year revival window for previously lapsed childhood sex abuse claims. The trial court then entered a judgment dismissing the complaint.

## STANDARD OF REVIEW

In reviewing a judgment of dismissal after a demurrer is sustained without leave to amend, we must assume the truth of all facts properly pleaded by the plaintiff-appellant. Regardless of the label attached to the cause of action, we examine the complaint's factual allegations to determine whether they state a cause of action on any available legal theory. (*Dutra v. Eagleson* (2006) 146 Cal.App.4th 216, 221 [52 Cal.Rptr.3d 788] (*Dutra*).) However, the judgment will be affirmed if it is proper on any of the grounds raised in the demurrer, even if the court did not rely on those grounds. (*Ibid.*)

We do not assume the truth of contentions, deductions, or conclusions of fact or law and may disregard allegations that are contrary to the law or to a fact that may be judicially noticed. When a ground for objection to a complaint, such as the statute of limitations, appears on its face or from

---

[2] All further undesignated section references are to the Code of Civil Procedure.

matters of which the court may or must take judicial notice, a demurrer on that ground is proper. (§ 430.30, subd. (a); *Dutra, supra,* 146 Cal.App.4th at p. 221.)

■ To the extent issues of statutory interpretation are raised, we apply the rules of statutory construction and exercise our independent judgment as to whether the complaint states a cause of action. (*Feitelberg v. Credit Suisse First Boston, LLC* (2005) 134 Cal.App.4th 997, 1008 [36 Cal.Rptr.3d 592].) Our first task in construing a statute is to ascertain the Legislature's intent in order to carry out the purpose of the law. If the statutory language is clear and unambiguous, no judicial construction is required. If the statute is ambiguous, the words must be construed in context in light of the statutory purpose. (*Ibid.*)

## DISCUSSION

### 1. *History of the Limitations Periods for Childhood Sex Abuse Claims*

When the alleged molestations occurred, the statute of limitations for child victims was one year, which was tolled until the minor's 19th birthday. (Former § 340, par. 3, as amended by Stats. 1968, ch. 150, § 1, p. 373; § 352, subd. (a); *Quarry v. Doe I* (2012) 53 Cal.4th 945, 960–961 [139 Cal.Rptr.3d 3, 272 P.3d 977] (*Quarry*).) The limitations period for actions against an actual perpetrator who was also a household or family member was three years if the victim was 14 or younger. (Former § 340.1, added by Stats. 1986, ch. 914, § 1, pp. 3165–3166; *Quarry,* at p. 962.) In 1990, the limitations period for actions against the actual perpetrator was extended in all cases to the later of three years from discovery that adult-onset psychological injury had been caused by the abuse, or the plaintiff's 26th birthday. (Former § 340.1, amended by Stats. 1990, ch. 1578, § 1, p. 7550; *Quarry,* at p. 963.)

Amendments to section 340.1 in 1998 and 1999 for the first time applied this extended limitations period to third party defendants—either individuals or entities whose wrongful or negligent conduct was a legal cause of the victim's molestation by the actual perpetrator. However, the limitations period was set at three years from discovery of the adult-onset psychological harm, with an absolute cutoff at age 26 regardless of whether such discovery occurred. The 1999 amendment revived all claims that had lapsed under the previous statute of limitations, but only as to victims who were still under age 26. (*Quarry, supra,* 53 Cal.4th at pp. 965–967.)

Effective January 1, 2003, the Legislature amended section 340.1 again, expanding the limitations period for certain childhood sex abuse claims against third parties to the later of the plaintiff's 26th birthday, or three years

from discovery that the abuse caused adult-onset psychological injuries. This expansion applied to only a limited class of defendants, however: those who knew, or had reason to know, or were otherwise on notice of any unlawful sexual conduct by an employee or other agent and failed to take reasonable steps and to implement reasonable safeguards to avoid acts of unlawful sexual conduct by that person in the future. As to all other third party defendants, the age 26 cutoff still applied. (§ 340.1, subd. (b)(2); *Quarry, supra,* 53 Cal.4th at pp. 968–969.)

This amendment also revived during the 2003 calendar year any claim for damages falling under section 340.1, subdivision (b)(2) that would otherwise have been barred solely because the applicable limitations period had expired. (§ 340.1, subd. (c).) The *Quarry* court interpreted this to mean that any plaintiff whose claim was time-barred as of January 1, 2003, had to sue during 2003 regardless of whether they had yet discovered a link between the childhood abuse and the adult-onset of psychological injuries. (*Quarry, supra,* 53 Cal.4th at pp. 969–971.)

Therefore, unless some other tolling provision applied, plaintiff's claims became time-barred when he turned 19 in 1994. They were revived in 1999, but, absent tolling under Insurance Code section 11583, lapsed again when he turned 26 in 2001. At issue is whether they remained tolled after that time under Insurance Code section 11583, allowing plaintiff to take advantage of the newly expanded limitations period that went into effect in 2003, or whether they lapsed in 2001, obligating him to sue during the 2003 revival window that was part of that year's amendment of Code of Civil Procedure section 340.1.

## 2. *Insurance Code Section 11583*

Insurance Code section 11583 provides: "No advance payment or partial payment of damages made by any person, or made by his insurer under liability insurance as defined in subdivision (a) of [Insurance Code] Section 108, as an accommodation to an injured person or on his behalf to others . . . because of an injury or death claim or potential claim against any person or insured shall be construed as an admission of liability by the person claimed against, or of that person's or the insurer's recognition of such liability . . . . Any person, including any insurer, who makes such an advance or partial payment, shall at the time of beginning payment, notify the recipient thereof in writing of the statute of limitations applicable to the cause of action which such recipient may bring against such person as a result of such injury or death . . . . Failure to provide such written notice shall operate to toll *any such* applicable statute of limitations or time limitations from the time of such advance or partial payment until such written notice is actually given. That

notification shall not be required if the recipient is represented by an attorney."[3] (Italics added.) The complaint alleges that plaintiff was not represented by an attorney when he attended the counseling session respondents provided, and that he was not given notice of the limitations period as required by section 11583.

The statute is primarily designed to encourage early payment of damages without fear of admitting liability. (*Malinski v. Wegman's Nursery & Landscaping, Inc.* (1980) 102 Cal.App.3d 282, 290 [162 Cal.Rptr. 287].) The legislative purpose of the written notice requirement is to prevent an injury victim from being lulled into a false sense of complacency about the need to sue because an advance or partial payment by the defendant or his insurer shows their apparent cooperativeness. (*Associated Truck Parts, Inc. v. Superior Court* (1991) 228 Cal.App.3d 864, 868 [279 Cal.Rptr. 76].)

3. *Code of Civil Procedure Section 340.1 Does Not Abrogate Insurance Code Section 11583*

Respondents contended below, and the trial court agreed, that under *Quarry*, the age 26 cutoff applicable to plaintiff's claim under the 1998 and 1999 versions of Code of Civil Procedure section 340.1 was absolute and did not allow tolling beyond that point under Insurance Code section 11583. In other words, tolling under Insurance Code section 11583 stopped when plaintiff turned 26 in 2001, requiring him to sue during the 2003 revival period.[4] As a result, the trial court ruled, the two provisions were inconsistent, and Code of Civil Procedure section 340.1, as the more recent, and more specific of the two, prevailed. (See, e.g., *Los Angeles Police Protective League v. City of Los Angeles* (1994) 27 Cal.App.4th 168, 179 [32 Cal.Rptr.2d 574].) We conclude the trial court misread *Quarry*.

In explaining why section 340.1, subdivision (c) did not operate prospectively by allowing plaintiffs with expired claims to sue after 2003 even if they had not yet discovered the causal link between the childhood abuse and the adult onset of psychological injuries, the *Quarry* court said that subdivision (c) specified that the revival period did not "cut off claims that have *not* lapsed and that need no revival—claims, for example, of a plaintiff who was under age 26 when the amendment was enacted and that had not been barred under the 1998 amendment, *or claims as to which the running of*

---

[3] Insurance Code section 108, subdivision (a) defines liability insurance as insurance "against loss resulting from liability for injury, fatal or nonfatal, suffered by any natural person . . . ." Respondents do not contend that the complaint fails to allege that a different type of insurance was involved.

[4] The trial court did not reach respondents' contention that Insurance Code section 11583 was not applicable.

*the statutory period may have been tolled by operation of law* (see, e.g., §§ 351 [tolling during minority or insanity], 352.1 [two-year tolling beyond accrual for incarcerated persons], 354 [tolling during war])." (*Quarry, supra,* 53 Cal.4th at p. 974, italics added.) ■ These examples of tolling appear to be illustrative only, and lead us to conclude that a cause of action for childhood sexual abuse that was legitimately tolled by any applicable statutory provision did not have to be brought during the 2003 revival window so long as it remained tolled during that time.

Respondents contend that the above quoted portion of *Quarry* is based on the revival period described in section 340.1, subdivision (c), and is therefore relevant to only those plaintiffs who were under 26 when the 2003 amendment took effect. This contention asks us to ignore the full passage set forth above. In it, the *Quarry* court described two situations where a plaintiff was not required to sue during the revival period because his cause of action was not time-barred. The first concerned plaintiffs who were under 26 when the 2003 amendment took effect. The second concerned plaintiffs whose claims were statutorily tolled. As we read *Quarry*, plaintiffs with claims that were statutorily tolled before 2003 did not need to sue during that year's revival window for lapsed claims precisely because their claims had not lapsed.

In short, just as there is no inconsistency between Code of Civil Procedure section 340.1 and section 351, 352.1, or 354, there is also no inconsistency between Code of Civil Procedure section 340.1 and Insurance Code section 11583. A tolling provision is not inconsistent with a statute of limitations—it simply stops the time period from running under certain specified conditions. If Insurance Code section 11583 applies, it too will stop the clock from running under Code of Civil Procedure section 340.1.[5]

We find support for our conclusion in *Belton v. Bowers Ambulance Service* (1999) 20 Cal.4th 928 [86 Cal.Rptr.2d 107, 978 P.2d 591] (*Bowers*), which considered section 340.5, the statute of limitations for medical malpractice actions. Section 340.5 provides two possible limitations periods—the earlier of either one-year from discovery of the injury or three years from the injury. The three-year, outside limitation is subject to three types of tolling. "In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional

---

[5] Section 354, which was mentioned in *Quarry*, applies during times of war. Plaintiff turned 26 sometime during 2001. If the plaintiff had enlisted in the Army in response to the September 11 attacks that year, then served in a combat zone beyond 2003, under respondents' theory, his cause of action was not tolled by that provision, and was instead cut off when he turned 26. We do not believe the Legislature had such a result in mind, and we would certainly hesitate to imply that it did.

concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person." (§ 340.5.)

In *Bowers*, the trial court sustained the demurrer of a health care provider to the malpractice complaint of a prisoner who sued more than one year after the injury, which was the presumed date he discovered the injury, but less than three years from that date. The trial court rejected the plaintiff's contention that his time to sue was extended two years under section 352.1, subdivision (a) because he was in prison. The *Bowers* court held that even though the three-year cutoff was subject to only those instances of tolling specified in section 340.5, the one-year-from-discovery time limit was separate. Although the specified tolling exceptions for the three-year period excluded any others as to that possible time limit, no such limitations had been attached to the separate one-year-from-discovery time limit. Therefore, tolling was allowed under the one-year-from-discovery provision by means other than those specified for the three-year time limit, so long as the complaint was not filed more than three years from discovery of the injury. (*Bowers, supra*, 20 Cal.4th at pp. 931–932, 934.)

The 1998 and 1999 versions of section 340.1 that respondents contend did not permit tolling past the age 26 cutoff did not involve an absolute cutoff date subject to tolling for only certain specified reasons. Instead, the statute made no mention of tolling as to that provision. Therefore, the age 26 cutoff applicable at that time is more like the one-year-from-discovery cutoff in section 340.5, as to which statutory tolling was permitted in *Bowers* because it contained no tolling limitations.

4. *Plaintiff Has Adequately Alleged Tolling Under Insurance Code Section 11583*

The Doe defendants' primary argument against the applicability of Insurance Code section 11583 is that payment for one counseling session does not constitute advance partial payment of damages under that section. According to them, unless plaintiff would have been financially responsible for the counseling, the insurer's payment for that session was not payment of a claim and was therefore not a payment of damages.[6]

Only a handful of reported decisions have construed Insurance Code section 11583, and none come close to a fact pattern such as this. All involve

[6] Respondents contend that plaintiff waived this issue because he did not raise it in his opening appellate brief, even though it was raised in the trial court as an alternative ground for the demurrers. As plaintiff notes in his reply brief, he did not address this issue in his opening brief because the trial court did not reach it and instead based its ruling on its interpretation of section 340.1 and *Quarry*. Under these circumstances, we do not consider the issue waived.

traditional personal physical injury actions from auto accidents or premises liability, where payments were made in advance for car repairs or medical bills.

Plaintiff alleged that he was encouraged to go to counseling to address the sexual abuse he suffered. Implicit in this allegation is the notion that the counseling was designed to address his emotional suffering, which was clearly an element of his damages. Respondents contend that because plaintiff did not initiate the counseling on his own, and therefore did not incur the liability of covering the cost of that session, their payment of the bill was not a payment of his damages. We disagree. If the plaintiff in an auto collision case had a wound that left a scar, and the defendant told the plaintiff to consult with a plastic surgeon about removing the scar, surely the defendant's payment of the surgeon's bill would be advance partial payment of the plaintiff's damages. An offer of counseling like the one defendants allegedly made in this case was inferentially made in recognition of the fact that the plaintiff suffered some emotional scarring, which the counseling might alleviate.

Our conclusion finds support in *Maisel v. San Francisco State University* (1982) 134 Cal.App.3d 689 [184 Cal.Rptr. 694] (*Maisel*), which concerned a student who received treatment from the student health center after he was injured while using one of the school's exercise machines. The university contended that the student's receipt of services under his school health insurance plan did not constitute advance payment of damages under Insurance Code section 11583 for purposes of tolling the government tort liability claims presentation period. The policy provided two types of services: basic services, for which there was no payment except for the cost of the policy premium; and augmented services, as to which fees were charged. While the provision of basic services would not constitute payment of damages under section 11583, augmented services as to which payment was not demanded by the university would. Because the evidence was unclear on those issues, the Court of Appeal remanded the matter for an evidentiary hearing. (*Maisel*, at pp. 693–694.)

The lesson of *Maisel*, we believe, is that a defendant's voluntary assumption of the cost of providing treatment is the advance payment of damages under Insurance Code section 11583.

Respondents advanced yet another construction of Insurance Code section 11583 during oral argument: when the statute says the failure to give notice of the statute of limitations applicable to a plaintiff's cause of action operates to toll "*any such applicable* statute of limitations," the phrase "any such" refers to the version of the statute of limitations in effect at that time. In other

words, even if section 11583 applied, when plaintiff allegedly discovered the causal link between the abuse and his adult-onset psychological harm in 2008, he had only one year to sue because that was the limitations period at the time he was abused.

 We reject this contention. It is well-settled law that a newly enlarged limitations period applies to all claims that were not time-barred when the new time period took effect. (*Quarry, supra*, 53 Cal.4th at pp. 956–957, and cases cited therein.) Nothing in Insurance Code section 11583 evinces an intent to change this general rule.

 The Doe defendants also contend that Insurance Code section 11583 is not applicable because it was only designed to deter actual delaying tactics that lull a plaintiff into not filing a timely complaint. The legislative history says nothing about the need to show such intent, however, and neither does the statute. Section 11583 is clear and explicit—if written notice of when the limitations period expires is not given, the statute is tolled until that occurs if the plaintiff has not retained counsel.[7]

 Defendants also contend that even if Insurance Code section 11583 applies as to Doe 1, it does not apply to Does 2, 3, or 4, because they did not pay for the counseling. The statute applies when any person or their insurer makes an advance payment of damages. Plaintiff alleged that Doe 1's policy provided coverage to Does 2, 3, and 4. Section 11583 is part of the same article of the Insurance Code as section 11580.06, which states that it applies throughout that article unless otherwise provided. Section 11580.06 states that the term "insured" includes not just a named insured, but also "any other person to whom coverage is afforded under the terms of any such policy." Therefore, if Does 2, 3, and 4 were covered under Doe 1's policy as alleged, they were the insureds under that policy, arguably making Doe 1's insurer their insurer as well.[8]

---

[7] Plaintiff alleges he hired a lawyer in 2008, and acknowledges that the tolling effect of Insurance Code section 11583 stopped at that point. (*Associated Truck Parts, Inc. v. Superior Court, supra*, 228 Cal.App.3d at p. 870.) Because the statute of limitations was tolled until then, however, plaintiff was able to take advantage of the newly expanded delayed discovery provision in the 2003 amendment to Code of Civil Procedure section 340.1. (*Quarry, supra*, 53 Cal.4th at pp. 956–957.) As a result, based on the allegation that plaintiff did not discover the causal link between the abuse and his adult-onset psychological injuries until 2008, he had three years from that discovery to sue, making his 2010 action timely for purposes of respondents' demurrers.

[8] Our analysis is limited to the allegations in the complaint and does not foreclose the possibility that discovery may produce evidence concerning the nature and scope of both the insurance policy and the counseling session plaintiff attended that shows Insurance Code section 11583 is not applicable.

## DISPOSITION

The judgment of dismissal is reversed and the matter is remanded for further proceedings. Plaintiff shall recover his appellate costs.

Flier, J., and Grimes, J., concurred.

A petition for a rehearing was denied September 24, 2012, and respondents' petition for review by the Supreme Court was denied November 14, 2012, S205896.