Filed 2/27/14  Roe 91 v. Archdiocese CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JOHN ROE 91, | B248428 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC 481512) |
| v. | |
| DOE 1, ARCHDIOCESE, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Emilie H. Elias, Judge.  Affirmed.

The Zalkin Law Firm, Irwin M. Zalkin and Devin M. Storey for Plaintiff and Appellant.

McKool Smith Hennigan, J. Michael Hennigan and Lee W. Potts for Defendant and Respondent.

\* \* \* \* \* \*

Code of Civil Procedure section 340.1 (section 340.1) governs the time for commencing a lawsuit claiming childhood sexual abuse, the subject of this case. Relying on the Servicemembers Civil Relief Act (50 U.S.C.A. Appen. § 501 et seq.) formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940, plaintiff and appellant argues that the statute of limitations in section 340.1, effective January 1, 2003, should have been tolled while he served in the military between 1996 and 1999.

We conclude that the statute of limitations effective in 2003 was not tolled by plaintiff's military service years earlier. Tolling a statute of limitations generally means stopping or abating the limitations period. (*People v. Leiva* (2013) 56 Cal.4th 498, 507, 509.) The Servicemembers Civil Relief Act "essentially tolls periods of limitation both in favor of and against 'persons in military service' to the extent that their 'period of military service' coincides with the limitations period." (*In re A.H. Robins Co., Inc.* (4th Cir. 1993) 996 F.2d 716, 718, fn. omitted.) Here plaintiff's military service did not coincide with any relevant limitations period. There was no statute of limitations to stop or abate when plaintiff was in the military. We therefore affirm the judgment of dismissal.

## FACTS AND PROCEDURE

Plaintiff John Roe 91 sued defendant Doe 1, Archdiocese, which allegedly employed a priest responsible for sexually abusing plaintiff. According to the complaint, plaintiff was born on January 4, 1976, and suffered the sexual abuse in 1987 or 1988. Plaintiff was an active member of the military from September or October 1996 through October 1999.

Plaintiff alleged that he did not recall the sexual abuse until the summer of 2011.

Archdiocese demurred to the complaint, arguing the lawsuit was barred by the statute of limitations. The trial court agreed and entered judgment dismissing the lawsuit with prejudice.

2

**DISCUSSION**

*1. Statute of Limitations*

In 1987 and 1988, when plaintiff alleged the abuse occurred, the statute of limitations for sexual abuse of a child was one year from the time the cause of action accrued, and the statute was tolled until one year after a minor reached the age of majority. (*Quarry v. Doe I* (2012) 53 Cal.4th 945, 960-961 (*Quarry*).) Under the former statute of limitations, the limitations period expired in January 1995, when plaintiff turned 19.

The statute was amended several times to extend the time period for filing sexual abuse lawsuits against members of a minor's household and direct perpetrators of sexual abuse. (*Quarry, supra*, 53 Cal.4th at pp. 962-965.) These amendments do not apply to plaintiff because he did not sue either a member of his household or a direct perpetrator of sexual abuse.

"Amendments to section 340.1 in 1998 and 1999 for the first time applied this extended limitations period to third party defendants—either individuals or entities whose wrongful or negligent conduct was a legal cause of the victim's molestation by the actual perpetrator. However, the limitations period was set at three years from discovery of the adult-onset psychological harm, with an absolute cutoff at age 26 regardless of whether such discovery occurred. The 1999 amendment revived all claims that had lapsed under the previous statute of limitations, but only as to victims who were still under age 26." (*Doe v. Doe 1* (2012) 208 Cal.App.4th 1185, 1189.) Plaintiff was still under 26 when this amendment became effective. The amendment retroactively applied to him, and he therefore could have filed a lawsuit prior to January 4, 2002—his 26th birthday.

"Effective January 1, 2003, the Legislature amended section 340.1 again, expanding the limitations period for certain childhood sex abuse claims against third parties to the later of the plaintiff's 26th birthday, or three years from discovery that the abuse caused adult-onset psychological injuries. This expansion applied to only a limited class of defendants, however: those who knew, or had reason to know, or were otherwise on notice of any unlawful sexual conduct by an employee or other agent and failed to

3

take reasonable steps and implement reasonable safeguards to avoid acts of unlawful sexual conduct by that person in the future.  As to all other third party defendants, the age 26 cutoff still applied." (*Doe v. Doe 1, supra*, 208 Cal.App.4th at pp. 1189-1190.)

"This amendment also revived during the 2003 calendar year any claim for damages falling under section 340.1, subdivision (b)(2) that would otherwise have been barred solely because the applicable limitations period had expired.  (§ 340.1, subd. (c).)  The [Supreme Court in] *Quarry* . . . interpreted this to mean that any plaintiff whose claim was time-barred as of January 1, 2003, had to sue during 2003 regardless of whether they had yet discovered a link between the childhood abuse and the adult-onset of psychological injuries." (*Doe v. Doe 1, supra*, 208 Cal.App.4th at p. 1190.)

When plaintiff turned 26 in 2002, the time to bring his action lapsed.  Therefore as of January 1, 2003, his claim was time-barred.  Under the amendment effective in 2003, his claim was revived but only if he sued in 2003.  Plaintiff did not file a lawsuit in 2003.

In summary, plaintiff's claim lapsed in 1995 when he turned 19, was revived when the statute was amended in the 1999 amendment but only through January 2002 when he turned 26.  It was revived again by the 2002 amendment but only if he filed a lawsuit by January 1, 2004.  Plaintiff did not file his lawsuit until 2012, when he was 36 years old.  His lawsuit therefore was not timely unless some tolling provision applied.

## 2. *Title 50 of the United States Code Annotated Appendix Section 526 Does Not Operate to Toll Plaintiff's Lawsuit*

Plaintiff seeks to avoid the conclusion that his lawsuit was untimely by arguing that his military service tolled the statute of limitations.  According to plaintiff, although chronologically he turned 26 in 2002, his military service should be considered when calculating his age for purposes of the statute of limitations.  Plaintiff argues that he "served on active duty in the United States Army between September or October 1996 and October of 1999.  [Citation.]  While Plaintiff biologically turned twenty-six on January 4, 2002, [the Servicemembers Civil Relief Act] mandates that the three years when Plaintiff was in military service be excluded from the calculation of all statutory periods limiting the commencement of his claim."

4

The federal statute upon which plaintiff relies—title 50 of the United States Code Annotated Appendix section 526 (section 526)—provides: "The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns."[1] (§ 526(a).)

The Servicemembers Civil Relief Act should be construed broadly to prevent disadvantage to a servicemember for military service. (See *In re Amber M.* (2010) 184 Cal.App.4th 1223, 1229-1230; *In re A.R.* (2009) 170 Cal.App.4th 733, 740-741; *George P. v. Superior Court* (2005) 127 Cal.App.4th 216, 225.) Tolling the statute of limitations "'enable[s] persons serving in the armed forces "to devote their entire energy to the defense needs of the Nation" without the worries and distractions which are involved in the conduct of litigation.'" (*Buttler v. City of Los Angeles* (1984) 153 Cal.App.3d 520, 524.) Application of this statute is mandatory and does not require showing prejudice. (*Ibid.*) "'A statute of this nature should be liberally construed in favor of the rights of the man engaged in military service, absorbed by the exacting duties required of him, and unable to give attention to matters of private business.'" (*Id*. at pp. 524-525.) "The only critical factor is military service; once that circumstance is shown, the period of limitation is automatically tolled for the duration of service." (*Bickford v. United States* (Ct.Cl. 1981) 656 F.2d 636, 639.)

Considering Code of Civil Procedure section 354, a state statute similar to section 526, this court implied that section 340.1—the statute of limitations for childhood sexual abuse—would be tolled if a defendant turned 26 while enlisted in a time of war. (*Doe v.*

---

[1]     Plaintiff states that prior to 2003, "the tolling provision was found in [title 50 of the United States Code Annotated Appendix former] section 525 . . . rather than section 526. The tolling provision was reworded and re-designated as section 526, but not substantively altered." We rely on cases applying former section 525 and current section 526, and conclude the result would be the same under either statute.

*Doe 1, supra*, 208 Cal.App.4th at p. 1192, fn. 5.)  Code of Civil Procedure section 354 provides that a time of war "is not part of the period limited for the commencement of [an] action" but instead constitutes a period of disability for which the statute of limitations is tolled.  Under the reasoning of *Doe v. Doe 1*, section 340.1 would be tolled if plaintiff turned 26 while an active servicemember.

But, in contrast to *Doe v. Doe 1*, plaintiff does not seek to toll a statute of limitations effective during his period of active duty.  Instead he seeks to toll a statute of limitations that did not exist at the time plaintiff served in the military.  Plaintiff exited the military in October 1999, prior to the effective date of the 1999 and 2002 amendments to section 340.1.[2]

Plaintiff's efforts to toll a nonexistent statute of limitation are not persuasive because section 526 uniformly has been interpreted to toll statutes of limitation only during a servicemember's active military service.  "Once a service member is released from active duty, the tolling provision of [section 526] ceases to operate . . . ."  (*Dean v. United States* (Fed.Cl. 2010) 92 Fed.Cl. 133, 150.)  The federal statute automatically tolls a period of limitation "during the duration of [the servicemember's] service."  (*Syzemore v. County of Sacramento* (1976) 55 Cal.App.3d 517, 522-523.)  "The Act has existed in various forms and under different names since 1918, but has always included a provision requiring the tolling of statutes of limitations for service members *during their periods of military service*."  (*Lowe v. United States* (Fed.Cl. 2007) 79 Fed.Cl. 218, 224, italics added.)  The statute of limitations is tolled for the time it coincided with the servicemember's military service.  (*In re A.H. Robins Co., Inc., supra*, 996 F.2d 716, 718.)  It "halts the operation of statutes of limitation only during the 'period of military service.'"  (*Diamond v. United States* (Ct.Cl. 1965) 344 F.2d 703, 706.)

Here, during plaintiff's period of military service, there was no statute of limitations to toll.  Plaintiff's claim had lapsed in 1995 and remained lapse throughout his *entire* period of military service.  Although his claim was revived after his military

---

[2]     The parties agree that the 1999 amendment became effective January 1, 2000.

service, at that point in time, section 526 (or former section 525) no longer applied to him.  Plaintiff could not have been disadvantaged by his military service.  He could not have filed his sexual abuse lawsuit at any point during his military service.  Plaintiff cites no authority holding that section 526 or its predecessor tolled a *nonexistent* statute of limitations during a servicemember's military service.  Plaintiff's theory that section 340.1 was retroactively tolled is not supported either by section 340.1 -- which revived lapsed claims but did not retroactively apply tolling provisions -- or section 526 -- which tolls statutes of limitation but applies only during a servicemember's active duty.  Plaintiff therefore fails to show the court erred in dismissing his lawsuit.

**DISPOSITION**

The judgment is affirmed.

FLIER, J.

WE CONCUR:

BIGELOW, P. J.

KUSSMAN, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.