Filed 5/12/23  Allen v. Small CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| DEANNA ALLEN, | |
| Plaintiff and Appellant, | G060813 |
| v. | (Super. Ct. No. 30-2020-01173961) |
| KELLY SMALL, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Theodore R. Howard, Judge.  Affirmed.

Tredway Lumsdaine & Doyle and Brandon L. Fieldsted for Plaintiff and Appellant.

Christian F. Paul for Defendant and Respondent.

\*        \*        \*

Plaintiff Deanna Allen filed suit to vacate a 2008 default judgment as void. Her position is that the original complaint did not notify her of the amount of damages sought. As a result, the damages awarded ($259,147.58) were in violation of Code of Civil Procedure[1] section 580, subdivision (a), which states that the relief granted in a default judgment "cannot exceed that demanded in the complaint." The trial court found that the original complaint gave adequate notice of the damages sought and sustained defendant Kelly Small's demurrer without leave to amend.

We affirm. The original complaint, though hardly a paragon of clarity, was sufficient to put Allen on notice that as much as $440,000 could be awarded in restitution or damages. Accordingly, the amount of the judgment did not exceed what was demanded in the complaint.

## FACTS

In October 2007, Small filed a complaint against Deanna Allen, which we refer to as the original complaint.[2] Small alleged that Allen defrauded her in the sale of a laundromat business. The original complaint was entitled, "Complaint for Damages and Other Relief Based on Declaratory Relief for Recission and Restitution." Small alleged that the parties had negotiated a sale price of $440,000 for the business and that escrow closed in that amount. The original complaint attached an escrow settlement statement as an exhibit showing that escrow closed in the amount of $442,455.78. Following the close of escrow, Small operated the business but found that the revenue was significantly less than what Allen had represented. Rather than operating at a consistent profit, as represented, it operated at a consistent loss. "In short," the complaint alleged, "[Allen's] representations about the finances and profitability of the business were all false."

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] The original complaint also included as a plaintiff Jon Small (Kelly's husband) and as a defendant Thomas Allen (Deanna's husband). Both of the husbands have since passed away. Our references to Small and Allen are to the surviving wives who are parties to the present suit.

2

The original complaint listed a single cause of action: "Declaratory Relief for Recission and Restitution." However, the allegations in the body of the complaint alleged that Allen breached the sales agreement, and "fraudulently induced [Small] into entering the agreement by misrepresenting the financial aspects and operations of the business . . . ." For both the breach of contract and fraud, Small sought damages "in sums according to proof at trial." The body of the complaint sought a "judicial determination" of the "extent of any and all . . . damage sustained by [Small]," and the "amount of all restitution to be made to [Small]." The prayer for relief sought a "declaratory judgment" of the "extent of any and all . . . damage sustained by [Small]," and the "amount of all restitution to be made to [Small]."

Allen did not respond to the original complaint. After a default prove up, a default judgment was awarded against Allen in the amount of $259,147.58.[3] The default judgment also included declaratory relief rescinding the sale of the business. We refer to this as the 2008 judgment.

In 2010, Allen filed for bankruptcy in the State of Hawaii. Small moved for summary judgment in the bankruptcy court to determine that the 2008 judgment was nondischargeable because it sounded in fraud. The bankruptcy court granted the motion, agreeing that the 2008 judgment sounded in fraud.

In 2018, as the judgment on the original complaint neared expiration, Small filed a new action against Allen on the judgment. Allen appeared in this action. Small filed a motion for summary judgment, which Allen opposed. Small's position was simply that a valid judgment existed that had not been satisfied. Allen took the position that the judgment was vacated because in 2017, at Jon Small's request, the action on the

---

[3] The record does not indicate what offsets the court relied on to arrive at that figure.

3

original complaint had been dismissed without prejudice.[4] In May 2019, the court granted the motion for summary judgment, concluding that the "puzzling" order of dismissal of a final judgment was not valid. We refer to this as the 2019 judgment. Allen appealed the 2019 judgment, and in a prior opinion, this court agreed with the trial court and affirmed the judgment. (*Small v. Allen* (Sep. 28, 2020, G058043) [nonpub. opn.].)

In December 2020, Allen filed the lawsuit that gives rise to this appeal. The complaint, which named Small as a defendant, sought to vacate both the 2008 judgment and the 2019 judgment. Allen alleged that the original complaint failed to demand a specific sum of damages, and thus the judgment violated section 580. Allen further alleged that this rendered the judgment void *ab initio*, subject to collateral attack at any time. Allen sought restitution of all sums that had been collected in partial satisfaction of the judgment.

Small demurred on the ground that the original complaint gave Allen adequate notice that she was seeking restitution in an amount up to $440,000, which was in excess of the actual judgment.

The trial court sustained the demurrer without leave to amend. The court reasoned, "[I]n the [original complaint], Small requested recission and restitution of the contracts between the parties. The contracts were incorporated by reference and attached to the [original complaint]. The attached exhibits as well as the complaint itself indicate a purchase price of $440,000." "The $297,916.75 amount was less than the $440,000 amount identified as the purchase price in the [original complaint] and incorporated documents. Defendants in the Underlying Action were given sufficient notice of what judgment was sought to be taken against them. The trial court fittingly proceeded to determine disputed issues of fact after determining the declaratory relief of rescission and

---

[4] It was this purported dismissal that prevented Small from utilizing the much simpler statutory process for renewing the judgment through the clerk's office. The clerk saw the purported dismissal and refused to renew the judgment. This left Small with only one alternative to maintain the viability of the original judgment: a new lawsuit on the judgment.

4

restitution was appropriate.  The Judgment was therefore proper and not void under . . . *§ 580(a)* as the court did not act in excess of its jurisdiction.  As the Judgment in the Underlying Action is not void, the [2019 judgment] is also not void."  Following a judgment of dismissal, Allen timely appealed.

## DISCUSSION

Section 580, subdivision (a), provides that where a defendant defaults, "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint . . . ."  The question in this appeal is simply whether the default judgment awarded in 2008 exceeded what was demanded in the original complaint.  If it did, then the 2008 judgment is void:  "'[I]n all default judgments the demand sets a ceiling on recovery,' and a judgment purporting to grant relief beyond that ceiling is void for being in excess of jurisdiction."  (*Sass v. Cohen* (2020) 10 Cal.5th 861, 863.)  If it is void, then it is subject to collateral attack even now, 15 years after the fact.  (*Stein v. York* (2010) 181 Cal.App.4th 320, 326 ["a default judgment in an amount greater than the amount demanded is void and subject to either direct or collateral attack."]; *OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1327 ["A judgment that is void on the face of the record is subject to either direct or collateral attack at any time."].)

The restriction of section 580 is based on due process:  "It is fundamental to the concept of due process that a defendant be given notice of the existence of a lawsuit and notice of the specific relief which is sought in the complaint served upon him.  The logic underlying this principle is simple:  a defendant who has been served with a lawsuit has the right, in view of the relief which the complainant is seeking from him, to decide not to appear and defend.  However, a defendant is not in a position to make such a decision if he or she has not been given full notice."  (*In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1166.)  "[D]ue process requires formal notice of potential liability; actual notice may not substitute for service of an amended complaint."  (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 826 (*Greenup*).)

5

To resolve the issue before us, we must consider what it means to *demand* an amount in a complaint. "Manifestly 'demanded' means claimed, asserted a right to or prayed for." (*Burtnett v. King* (1949) 33 Cal.2d 805, 807.) Caselaw has interpreted this term as encompassing two distinct concepts: the complaint must allege both the *type* and the *amount* of relief sought. (*Sass v. Cohen* (2019) 32 Cal.App.5th 1032, 1040, *aff'd* (2020) 10 Cal.5th 861 ["the operative complaint fixes 'a ceiling on recovery,' both in terms of the (1) type of relief and (2) the amount of relief. [Citation.]"].) "The plain meaning of the prohibition against relief 'exceed[ing]' that demanded in the complaint encompasses both of these considerations." (*Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493-494.)

Allen contends neither of these requirements were met by the original complaint. She argues the prayer for relief in the original complaint does not demand monetary damages, only declaratory relief, and thus the trial court was without jurisdiction to award monetary damages. The original complaint nominally sets forth a single cause of action for "Declaratory Relief for Recission and Restitution." The prayer seeks "a declaratory judgment on the First Cause of Action above stated" and then lists nine sub-requests, including a declaration regarding "[t]he . . . extent of any and all injury and/or damage sustained by plaintiff" and "[t]he nature, extent, and amount of all restitution to be made to plaintiffs . . . ."

Although the body of the complaint alleges both breach of contract and fraud, and seeks damages according to proof at trial, Allen contends this was insufficient to put her on formal notice that Small was seeking monetary damages. Allen cites *Gudarov v. Hadjieff* (1952) 38 Cal.2d 412, 416-417 (*Gudarov*) for the proposition that the allegations in the body of a complaint cannot supplement what is demanded in the prayer. There, the court held that a prayer for general damages did not put the defendant on notice of a potential award of punitive damages. (*Ibid.*) Citing a case from 1897, the court reasoned, "'"The relief 'demanded in his complaint' is held to refer to the relief

6

asked in the *prayer* – the feature of the pleading to which alone reference may be had in default cases, to ascertain what relief the plaintiff seeks; and the rule of the statute applies in its strictness to actions in foreclosure alike with those of any other character. [Citing cases.]" The scope of a prayer for specific relief may not be enlarged so as to include relief of a different nature by reference to allegations of the complaint which would have justified such additional relief had the same been demanded. In a default case a prayer for general relief will not support a damage award which is not contained in the prayer.'" (*Id.* at p. 416.)

However, Small contends – and we agree – that the law has evolved since *Gudarov* was decided. Indeed, far more recently, our high court issued an opinion concerning a default judgment in which it stated essentially the opposite: "[T]he allegations of a complaint may cure a defective prayer for damages." (*Greenup, supra,* 42 Cal.3d at p. 829.) And in *Sass v. Cohen, supra,* 32 Cal.App.5th at p. 1046, which our high court would go on to affirm (10 Cal.5th 861), the court stated, "Demands for relief may be made in *any* part of the complaint, not just in the prayer for relief." (See also *National Diversified Services, Inc. v. Bernstein* (1985) 168 Cal.App.3d 410, 417-418 ["a defendant must be notified by the prayer [citation] *or allegations in the body of the complaint* of the damages sought."] (Italics added.).)

These statements are consistent with a trend in recent caselaw to find adequate notice for default judgments in the body of a complaint. The law has moved past the 82-year-old *Guadarov* case and its 126-year-old precedent.

In *Greenup*, for example, the plaintiff alleged monetary damages but failed to include any amount. In the body of the complaint, in each cause of action, the plaintiff alleged damages "'in an amount that exceeds the jurisdictional requirements of this court,'" which, at the time, was $15,000. (*Greenup, supra,* at p. 830.) The court held this was sufficient to allege damages of $15,000. (*Ibid.*)

7

In *Hearn v. Howard* (2009) 177 Cal.App.4th 1193 (*Hearn*), an attorney malpractice case, the plaintiff failed to allege the amount of damages in the prayer. Nevertheless, the court affirmed a default judgment: "Here, the complaint adequately notified appellant that the amount of damages sought was $245,000 – the amount of uncollected judgment. The complaint alleged by way of background that 'a judgment was entered for $245,000 including punitive damages in favor of plaintiffs and against Anthony Cardinale . . . . The judgment remains unsatisfied.' According to the complaint's further allegations quoted earlier, appellant's negligence prevented plaintiffs from collecting the $245,000 unsatisfied judgment. Because the body of the complaint alleged the specific amount of damages being sought, plaintiffs were not required to reiterate that sum in order to comply with section 580. The default judgment properly awarded plaintiffs $245,000, plus statutory interest." (*Id.* at p. 1209.)

In *People ex rel. Lockyer v. Brar* (2005) 134 Cal.App.4th 659 (*Brar*) the Attorney General filed suit against an attorney to stop the filing of "shakedown lawsuits." (*Id.* at p. 661.) Alleging violations of Business and Professions Code section 17200, the Attorney General claimed "'no less than' $1 million in civil penalties." (*Id.* at p. 666.) The trial court awarded a default judgment exceeding that amount: $1,787,500. (*Ibid.*) This court affirmed. Even though the default judgment exceeded what was *explicitly* demanded, the court reasoned that at least 1500 violations were alleged, each of which was subject to a penalty of $2,500. (*Id.* at p. 668.) Multiplying the number of violations by the amount of the fine, this put the defendant on notice of damages up to $3.75 million, even though that figure was nowhere mentioned. (*Ibid.*) The defendant could be expected to do the math.

Allen attempts to distinguish these cases on the ground the *amount* of damages can be alleged in the body of the complaint, but the *type* of damages must be alleged in the prayer. Since the prayer is phrased in terms of declaratory relief, Allen concludes she was not given notice of the damages alleged.

However, so far as we are aware, no case has drawn the distinction Allen suggests, and we see no sound policy reason to adopt it. Section 580 is based on the notion that a defendant is entitled to notice of the amount and type of damages being sought. If the body of the complaint can adequately impart notice of the *amount* of damages, why can it not give notice of the *type* of damages as well? We see no reason to draw a distinction between the type and amount of damages, so far as the manner of giving notice is concerned. What's good for the goose is good for the gander.

As we read the foregoing cases, the rule that emerges is that it is a plaintiff's duty to provide notice of the amount in controversy and the type of damages sought, but the onus is on the defendant to read the entire complaint fairly, employing reasonable deductions to determine what is at stake.

Applying that rule here, we conclude the original complaint satisfied section 580. Beginning with the type of damages sought, on the very first page the complaint is captioned "*Complaint for Damages* and Other Relief Based on Declaratory Relief for Recission and Restitution." (Italics added.) In the body of the complaint, in laying out the elements of both breach of contract and fraud, Small alleged she had "been damaged in sums according to proof at trial . . . ." Although she did not separately label causes of action for breach of contract and fraud, "The label attached to a complaint or cause of action does not control." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 845.) Rather, "we examine the complaint's factual allegations to determine whether they state a cause of action on any available legal theory." (*Doe v. Doe 1* (2012) 208 Cal.App.4th 1185, 1188.) Here, it is clear that Small deliberately set forth the elements of both breach of contract and fraud. Additionally, the complaint sought "a judicial determination of" damages and "[t]he nature, extent, and amount of all restitution to be made to plaintiffs . . . ." When you ask a court to determine the amount of restitution to be made to you, you've gone well beyond declaratory relief. We can only interpret this as a demand for damages and restitution.

9

As for the amount in controversy, Small sought "a judicial determination that the agreement between the plaintiffs and the defendants was and is wholly and properly rescinded . . . ." And in the background facts and the attached exhibits, Small set forth the amount she had paid under the contract for which she was seeking rescission: approximately $440,000. It requires no great application of cerebral energy to conclude that Small was seeking as much as $440,000. Unlike *Greenup, supra*, where the amount sought was nowhere explicitly stated in the complaint, and *Brar, supra*, where the background allegations gave notice of *more* than was explicitly demanded in the complaint, here, the complaint explicitly stated the amount in controversy. This case is in many ways similar to *Hearn, supra,* where the background facts listed the amount of the judgment that the attorney's negligence prevented the plaintiff from collecting. By explicitly stating the amount that the laundromat business sold for, and by seeking both restitution and damages, Small put Allen on notice of what was at stake. Accordingly, the court did not err in sustaining a demurrer to the complaint.

## DISPOSITION

The judgment is affirmed. Small shall recover her costs incurred on appeal.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

DELANEY, J.

10