[No. A070979. First Dist., Div. Five. May 10, 1996.]

JESSE W. HOLLINGSWORTH, Plaintiff and Appellant, v.
JOHN CHARLES KOFOED, Defendant and Respondent.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.B.

### COUNSEL

McLaughlin & Pegnim and Thomas G. McLaughlin for Plaintiff and Appellant.

Donahue, Wood, Loving, Myers & Vogel, James E. Donahue and Stephen J. Mackey for Defendant and Respondent.

### OPINION

**PETERSON, P. J.**—Appellant Jesse W. Hollingsworth contends the trial court erred by instructing the jury that appellant's cause of action for medical malpractice was barred if it was not brought within the time period provided by the one-year statute of limitations set forth in Code of Civil Procedure section 340.5.[1] Appellant contends the trial court should instead have held the statute of limitations was tolled while appellant was in prison. We hold, in the published portion of this opinion, that the provisions of

---

[1] All subsequent statutory references are to the Code of Civil Procedure.

former section 352[2] (now section 352.1), tolling statutes of limitation as to prisoners in custody, are inapplicable to medical malpractice actions which are controlled by the limitations period established by section 340.5. We, therefore, affirm the judgment.

## I. FACTS AND PROCEDURAL HISTORY

Appellant was imprisoned at the California Medical Facility in Vacaville on August 9, 1990, when he fell through a ceiling while trying to fix a suction fan on an air conditioner. Appellant broke his right ankle. He was treated for the injury by respondent orthopedic surgeon, John Charles Kofoed, M.D., an independent contractor employed to treat certain injuries to prisoners.

The injury to appellant's ankle did not heal properly. As a result, appellant's right foot is bent inward, and he still has to use crutches. Respondent believed the fracture's failure to heal properly was due to appellant's diabetes and an associated lack of proper blood flow to his lower extremities; respondent believed another operation would be necessary to set the fracture correctly.

Appellant, however, believed from about November of 1990 that respondent had done "a bad job" in setting the fracture.[3] In another document appellant prepared on April 28, 1991, he refused to allow respondent to operate again on the ankle.

Appellant brought this action on July 28, 1992, alleging medical malpractice against respondent and others, after appellant had been released from custody for about 9 months, about 21 months after November 1990, and about 16 months after the period in April 1991 when appellant refused to allow respondent to continue to treat his leg, because appellant felt he was the victim of malpractice by respondent. Respondent asserted as an affirmative defense that the action was barred by the one-year discovery statute of limitations set forth in section 340.5.

There were extensive pretrial proceedings, which we briefly summarize. Respondent made a motion for summary judgment based upon the one-year discovery statute of limitations set forth in section 340.5. The trial court denied the motion because respondent had given only 27 days' notice of the

---

[2]Subsequent references to former section 352 (Stats. 1986, ch. 1161, § 1, p. 4148) will not use the word "former."

[3]Appellant testified on deposition, read to the jury, that he first thought respondent had done "a bad job" on his foot three months after the August 1990 surgery.

motion, not the required 28 days, and because the trial court believed issues of fact existed which would preclude summary judgment.

Later, appellant also made a motion for summary adjudication on the statute of limitations issue, contending section 340.5 was tolled while appellant was in prison, under the tolling provision for prisoners in section 352. The trial court granted this motion, finding the statute of limitations had been tolled during the period when appellant was imprisoned. Respondent filed a petition for writ relief (No. A067340) in this court (Division Five), which we granted; and the trial court vacated its order which had applied tolling to the section 340.5 statute of limitations.

Eventually the matter proceeded to trial. The trial court bifurcated the trial, with the issue of the application of the section 340.5 statute of limitations to be tried first; the trial court also ruled, consistent with our previous order, that the statute of limitations was not tolled during the period of appellant's imprisonment. The parties stipulated in this case that if appellant discovered the malpractice on or before April 29, 1991, his action was barred by the statute of limitations, unless the limitations period was tolled by appellant's imprisonment. The parties reached this date by counting backward one year from the July 28, 1992, filing date for this action, and they then added ninety days for tolling while notice was to be given to respondent (§ 364), arriving at an April 29, 1991, cutoff date. The jury reached a defense verdict on this statute of limitations issue, and appellant filed a timely appeal from the judgment.

## II.  DISCUSSION

### A.  *The Applicable Statute of Limitations*

■   We affirm the judgment, finding the trial court properly obeyed our prior order and declined to toll the statute of limitations provided by section 340.5 during a period of imprisonment, as would be proper on other causes of action under section 352.1.

Section 340.5 provides in relevant part as follows: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." Section 340.5 is part of the Medical Injury Compensation Reform Act (MICRA) and was passed in order to shorten the statute of limitations applicable to medical malpractice actions; it includes strong limitations on the tolling of causes of action.

The provisions of section 340.5 do not include tolling for prisoners, as would otherwise apply under the terms of section 352.1. The terms of section 340.5 and its underlying purpose, and that of MICRA as a whole, are inconsistent with such tolling. This district has held that the tolling provisions provided in section 352 for other causes of action brought by incompetents, minors, and prisoners do not apply in MICRA actions governed by section 340.5. (*Fogarty* v. *Superior Court* (1981) 117 Cal.App.3d 316, 320 & 321 [172 Cal.Rptr. 594] (conc. opn. of Poché, J.).) As Presiding Justice Caldecott noted in *Fogarty*, "There is no evidence of a legislative intent in the instant situation to allow exceptions [for tolling in actions brought by minors, incompetents, or prisoners] other than those listed in section 340.5." (P. 320.)[4] Section 340.5 is also a later enacted statute which was specifically designed to shorten and do away with the tolling provisions of section 352 for prisoners, minors, and incompetents in medical malpractice actions. (*Fogarty*, *supra*, 117 Cal.App.3d at p. 320.)

We recognize that *Fogarty* rejected tolling for incompetent persons, not tolling for prisoners as in this case; but at the time *Fogarty* was decided, both incompetents and prisoners were governed by the same tolling provision, section 352; and *Fogarty* necessarily rejected application of any section 352 tolling in MICRA actions governed by section 340.5. (*Fogarty*, *supra*, 117 Cal.App.3d at p. 320 & p. 321 (conc. opn. of Poché, J.).) We find no legislative intent to exempt prisoners from the limitation placed upon tolling for law abiding minors and incompetents. (See *Kelemen* v. *Superior Court* (1982) 136 Cal.App.3d 861, 866 [186 Cal.Rptr. 566] [No tolling under section 340.5 for minors, since the provisions of section 340.5 modified the tolling rules set forth in section 352.].)

We also recognize that *Fogarty* rejected tolling of the outside three-year period set by section 340.5, rather than specifically reaching the same result as to the one-year discovery period set by section 340.5; but we find no legislative intent to apply tolling for a prisoner of the one-year period, in light of the overall inconsistency noted by *Fogarty* between the tolling provisions of section 352 or section 352.1, which are not part of MICRA, and section 340.5. (See *Woods* v. *Young* (1991) 53 Cal.3d 315, 324-325 [279

---

[4]Section 352.1 provides, in pertinent part: "(a) If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, . . . the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years." At the time *Fogarty*, *supra*, was decided (117 Cal.App.3d at p. 320), section 352 provided: "(a) If a person entitled to bring an action . . . be, at the time the cause of action accrued, either: [¶] 1. Under the age of majority; or, [¶] 2. Insane; or, [¶] 3. Imprisoned on a criminal charge . . . ; [¶] the time of such disability is not a part of the time limited for the commencement of the action." (Stats. 1975, ch. 1241, § 1.5, p. 3187.)

Cal.Rptr. 613, 807 P.2d 455] (*Woods*) [MICRA does not allow application of non-MICRA tolling provisions to the one-year period set by section 340.5.].)

Appellant contends we should instead try to differently "harmonize" the provisions of section 340.5, which as part of MICRA sets strict new limits for medical malpractice actions and curtails previous tolling principles, with the inconsistent provisions of section 352.1. While we agree the statutes should be harmonized if possible, they may only be harmonized on the grounds stated by our Supreme Court in *Woods, supra*: MICRA and its limitations and tolling provisions, not the provisions of some other non-MICRA statute, state the applicable law for actions governed by MICRA. (53 Cal.3d at pp. 324-325.) Appellant seems to recognize that tolling for prisoners as stated in section 352.1 is inconsistent with and cannot be harmonized with the overall three-year period set by section 340.5. However, appellant would still attempt to "harmonize" tolling under section 352.1 with the other clause of the same section 340.5 which sets a one-year discovery rule. This would result in discordant confusion, not harmony. Both the decision of our Supreme Court in *Woods, supra*, and the decision of this district in *Fogarty, supra*, have made it very clear that only MICRA's own limitations and tolling provisions should be applied in MICRA actions. For instance, MICRA enacted sections 364 and 340.5, which allow only for a 90-day tolling period relating to the 1-year discovery statute of limitations, in certain circumstances. (See *Woods, supra*, 53 Cal.3d at pp. 325-327.) Appellant received the benefits of that 90-day tolling in this case, but his action remained untimely. If we stitched together the limitations and tolling provisions of MICRA with other, inconsistent non-MICRA limitations principles, we would unravel the entire statutory scheme. (See *Fogarty, supra*, 117 Cal.App.3d at p. 320.)

Since tolling for prisoners as allowed in section 352.1 is not applicable under section 340.5, the trial court properly obeyed our previous order and declined to apply such tolling principles here to the period up to November of 1991 when appellant was released from prison. The jury's finding, that appellant was aware of the facts giving him a cause of action prior to April 29, 1991, was also amply supported by substantial and indeed overwhelming evidence. (See *Kleefeld* v. *Superior Court* (1994) 25 Cal.App.4th 1680, 1684-1685 [31 Cal.Rptr.2d 12].)

B.   *Appellant's Related Contentions**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 423.

## III.   DISPOSITION

The judgment is affirmed.

King, J., and Haning, J., concurred.