[No. S072534. July 1, 1999.]

RAYMOND BRUCE BELTON, Plaintiff and Appellant, v.
BOWERS AMBULANCE SERVICE, Defendant and Respondent.

## COUNSEL

Raymond Bruce Belton, in pro. per.; Law Offices of Anthony Boskovich and Anthony Boskovich for Plaintiff and Appellant.

Arthur E. Schwimmer as Amicus Curiae on behalf of Plaintiff and Appellant.

Mark Schreiber; and Rebecca L. Smith for Defendant and Respondent.

Thelen Reid & Priest, Curtis A. Cole and Matthew S. Levinson for California Medical Association, California Dental Association and California Healthcare Association as Amici Curiae on behalf of Defendant and Respondent.

## OPINION

CHIN, J.—Plaintiff Raymond Bruce Belton, an inmate in a federal prison, sued Bowers Ambulance Service (Bowers) for injuries he allegedly suffered

on January 4, 1996, while Bowers transported him from the prison to a hospital. Belton filed the action on January 10, 1997, more than one year after the alleged injury. Bowers demurred to the complaint, contending that the statute of limitations barred the action. The trial court sustained the demurrer. The Court of Appeal reversed, holding that "A prisoner's time to sue a health care provider can be extended by incarceration up to the maximum three years from time of injury permitted by the MICRA (Medical Injury Compensation Reform Act) limitations statute." The court expressly disagreed with *Hollingsworth* v. *Kofoed* (1996) 45 Cal.App.4th 423 [52 Cal.Rptr.2d 808] (*Hollingsworth*), which reached a different result under similar facts. We granted review to resolve the conflict and now affirm the judgment of the Court of Appeal.

We must decide whether a tolling provision for prisoners may apply to an action subject to the Medical Injury Compensation Reform Act (MICRA), enacted in 1975. The issue involves the interplay of Code of Civil Procedure sections 340.5 and 352.1, subdivision (a).[1]

Section 340.5, originally enacted in 1970 (Stats. 1970, ch. 360, § 1, p. 772), but amended in 1975 as part of MICRA, now provides as relevant: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person."

Section 352.1, subdivision (a), provides as relevant: "If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."

The parties do not dispute that Bowers is a "health care provider" within the meaning of section 340.5, or that Belton discovered the injury on the day it occurred. ■ Accordingly, because Belton brought the action more than one year after discovery, the one-year time period of section 340.5 would bar the action unless some other provision extends the time. Belton's status as a prisoner is also undisputed. Accordingly, section 352.1 would permit the action if it applies.

---

[1]All statutory citations are to the Code of Civil Procedure.

No tolling provision outside of MICRA can extend the three-year maximum time period that section 340.5 establishes. (*Fogarty* v. *Superior Court* (1981) 117 Cal.App.3d 316, 319-320 [172 Cal.Rptr. 594]; see also *id.* at p. 321 (conc. opn. of Poché, J.) [similar tolling provision of section 352 cannot extend three-year maximum period of section 340.5]; *Russell* v. *Stanford University Hospital* (1997) 15 Cal.4th 783, 790 [64 Cal.Rptr.2d 97, 937 P.2d 640] [citing *Fogarty* v. *Superior Court, supra,* 117 Cal.App.3d 316, with approval].) As the *Fogarty* court found, to allow a non-MICRA provision to extend section 340.5's three-year maximum would be inconsistent with the phrase "In no event" at the beginning of the second sentence of that section and the enumeration of exceptions not applicable here. (*Fogarty* v. *Superior Court, supra,* 117 Cal.App.3d at p. 320.) Here, however, Belton filed his complaint after the one-year statutory period expired but well within the statute's three-year maximum. (§ 340.5.) Thus, he is not attempting to extend that maximum. Rather, he seeks statutory tolling of the *one-year* period. He argues that, because he was a prisoner when the cause of action accrued, section 352.1 permits tolling as long as the complaint is filed within the three-year limit.

The *Hollingsworth* court held the prisoner tolling provision does not apply to *any* MICRA time period. There, the prisoner plaintiff filed a medical malpractice action more than one year but less than three years from discovery of the injury. The court held that section 340.5 barred the action. It drew no distinction between the three-year maximum period and the one-year period from discovery. "We . . . recognize that *Fogarty* rejected tolling of the outside three-year period set by section 340.5, rather than specifically reaching the same result as to the one-year discovery period set by section 340.5; but we find no legislative intent to apply tolling for a prisoner of the one-year period, in light of the overall inconsistency noted by *Fogarty* between the tolling provisions of section 352 or section 352.1, which are not part of MICRA, and section 340.5." (*Hollingsworth, supra,* 45 Cal.App.4th at p. 427.)

The difference between MICRA's one-year period and its three-year period was critical to the Court of Appeal in this case: "We find nothing in the language of sections 340.5 and 352.1, nor in the policy underlying MICRA, which compels conclusion that section 352.1 cannot apply in health care provider cases. [¶] . . . [¶] The plain language of the two sections does not support the result in *Hollingsworth.* Section 352.1 does not exempt MICRA claims (or any other claims) from its application. . . . [¶] Likewise, section 340.5 does not expressly negate application of section 352.1 in health care provider cases. We agree with *Hollingsworth* that listing of specified tolling rules in section 340.5 implicitly excludes others, but these

limits apply only to tolling rules which extend the total limitations period beyond three years: 'In no event *shall the time for commencement of legal action exceed three years unless tolled* for any of the following . . . .' (Italics added.) [¶] The plain language of section 340.5 does *not* purport to limit tolling which extends the total limitations period less than or up to three years." (Original italics.)

The Court of Appeal in this case was correct. The simple, but complete, answer to Bowers's reliance on the second sentence of section 340.5 is that "the time for commencement of legal action" did *not* "exceed three years." Belton filed this action well within three years of his injury. Bowers would have us read the second sentence as if it stated, "In no event shall the time for commencement of legal action exceed either the one-year period after discovery or the three-year maximum period unless tolled for any of the following . . . ." The second sentence does not so state, however. It specifically refers to the maximum period of three years and does not mention the one-year period from discovery. The *Fogarty* court noted that the second sentence provided exceptions to the three-year maximum, then stated, "The legislative enumeration of certain exceptions by necessary implication excludes all other exceptions." (*Fogarty* v. *Superior Court, supra,* 117 Cal.App.3d at p. 320.) By the same logic, the second sentence applies only to the three-year maximum, not also to the one-year period. The legislative enumeration of the three-year period by necessary implication excludes the one-year period.

Bowers argues that prior decisions of this court support its position. We have not, however, considered this question.

In *Young* v. *Haines* (1986) 41 Cal.3d 883 [226 Cal.Rptr. 547, 718 P.2d 909], the plaintiff filed a malpractice action within one year of discovery but outside the three-year MICRA maximum period. In finding the action time-barred, we noted that MICRA substantially changed the tolling provisions of the previous version of section 340.5. "The *outside limit* for initiating malpractice actions, regardless of the date of discovery, was reduced from four years . . . to three years. More significantly, under the new statute *this limit* was tolled only for fraud, intentional concealment, or the presence of nontherapeutic and nondiagnostic foreign bodies." (*Young* v. *Haines, supra,* 41 Cal.3d at p. 893, italics added.) Accordingly, we held that the three-year outside limit of section 340.5 applied, rather than an "inconsistent" statute that would have made the action timely. (*Young* v. *Haines, supra,* 41 Cal.3d at p. 894.) Bowers cites our statement that the "clear legislative purpose was to make available to malpractice plaintiffs only those tolling provisions set forth in the statute." (*Id.* at p. 896.) However, in

context, that statement clearly refers to tolling of the three-year outside limit, not the shorter one-year limit. Indeed, we relied on the same second sentence of section 340.5 involved here, including the reference to the period of " 'three years' " and the language " '*In no event.*' " (41 Cal.3d at p. 896, fn. 9, italics added by the *Young* court.)

In *Woods* v. *Young* (1991) 53 Cal.3d 315 [279 Cal.Rptr. 613, 807 P.2d 455], we interpreted MICRA's provision extending the time for commencement of the action for 90 days if a notice of intent to sue is served within 90 days of the expiration of the statutory limit. (§ 364, subd. (d).) That question is not pertinent to this case. A threshold issue was whether a general non-MICRA provision (§ 356) applied instead of section 364. Comparing the two provisions, we determined we could not give effect to both. We concluded, "The anomalies created by applying the tolling provision of section 356 to section 364 suggest that when the Legislature enacted MICRA it did not intend section 356, a non-MICRA provision, to apply to section 364, a MICRA statute." (*Woods* v. *Young, supra*, 53 Cal.3d at p. 324.) That decision resolved the relationship between those particular statutes but did not preclude applying *any* non-MICRA provision to MICRA actions. The Court of Appeal here merely held that section 352.1 may extend the one-year period not mentioned in the second sentence of section 340.5. This holding creates no anomaly.

Most recently, in *Russell* v. *Stanford University Hospital, supra*, 15 Cal.4th 783, we held that our interpretation of section 364 in *Woods* v. *Young, supra*, 53 Cal.3d 315, also applied to the three-year period. As part of our discussion, we said that "section 340.5 purports to limit plaintiffs in [medical malpractice] actions only to the tolling provisions set forth in the statute. (*Young* v. *Haines, supra*, 41 Cal.3d at p. 896.)" (*Russell* v. *Stanford University Hospital, supra*, 15 Cal.4th at p. 789.) But like the similar statement in *Young* v. *Haines, supra*, 41 Cal.3d at page 896, that statement refers to the three-year period, not the one-year period.

It is true that we have generally described MICRA as "an interrelated legislative scheme enacted to deal specifically with all medical malpractice claims." (*Young* v. *Haines, supra*, 41 Cal.3d at p. 894; see also *Russell* v. *Stanford University Hospital, supra*, 15 Cal.4th at p. 789; *Woods* v. *Young, supra*, 53 Cal.3d at p. 324.) However, this general statement does not mean that non-MICRA provisions may not affect any portion of section 340.5. MICRA did not change section 340.5's one-year-from-discovery rule. The pre-MICRA version of section 340.5 contained that rule. MICRA only reduced the *maximum* limit from the previous four years to the current three years and made that three-year period absolute, subject only to the specified

tolling provisions of section 340.5. (See *Sanchez* v. *South Hoover Hospital* (1976) 18 Cal.3d 93, 100 [132 Cal.Rptr. 657, 553 P.2d 1129] (*Sanchez*).)

*Sanchez* strongly supports Belton's argument. We held that the internal tolling provisions of the original version of section 340.5 extended *only* the four-year (now three-year) maximum period and did not even apply to the one-year time limit. Although we interpreted only the original version of section 340.5, we found that the 1975 MICRA amendment bolstered our interpretation. "The Legislature, in its 1975 amendment of section 340.5, resolved any doubt as to its present intention *by applying the tolling statute, with clarity, to the longer period only*. It retained the one-year 'discovery' limitations period, reduced the four-year maximum limitation to three years, and provided that: 'In no event shall the time for commencement of legal action *exceed three years* unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person.' (Code Civ. Proc., § 340.5, as amended, italics added.) . . . [T]he specific relationship and semantic tie thus created between the tolling provision and the statutory three- (formerly four) year period reasonably suggests that the Legislature previously intended a similar connection." (*Sanchez, supra,* 18 Cal.3d at pp. 100-101, first italics added, second italics in *Sanchez*.) *Sanchez* also indicated that other tolling provisions, including the predecessor to section 352.1, *could extend* the one-year period (although none applied in that case). (*Sanchez, supra,* 18 Cal.3d at pp. 102-103.) If section 340.5's internal tolling provisions do not apply to the one-year period at all, they certainly are not the *exclusive* provisions that apply to that period.

We see no reason to apply the second sentence of section 340.5 to the one-year period it does not mention, in addition to the three-year period it does mention. The general purpose of MICRA does not require us to expand that sentence beyond its language. "In enacting MICRA in 1975, the Legislature 'attempted to reduce the cost and increase the efficiency of medical malpractice litigation by revising a number of legal rules applicable to such litigation.' " (*Woods* v. *Young, supra,* 53 Cal.3d at p. 319.) As the Court of Appeal stated in this case, its interpretation does not "defeat the policy objective of section 340.5 to more restrictively limit suits against health care providers. Section 340.5 clearly prevents tolling in prisoner suits which extends the total time to sue *beyond three years.* . . . In other words, section 340.5's policy can be and is honored by reconciling it with section 352.1 as we do here. Neither the text of section 340.5, nor its purpose, supports complete negation of section 352.1 in MICRA cases . . . ." (Original italics.)

For these reasons, we adopt the Court of Appeal's holding in this case, quoted in the first paragraph of this opinion, disapprove the contrary holding of *Hollingsworth, supra*, 45 Cal.App.4th 423, and affirm the judgment of the Court of Appeal.

George, C. J., Mosk, J., Kennard, J., Baxter, J., Werdegar, J., and Brown, J., concurred.