Filed 7/1/16

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ERNEST J. BROOKS, | F071884 |
| Plaintiff and Appellant, | (Super. Ct. No. CV-283100) |
| v. | |
| MERCY HOSPITAL, | **OPINION** |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Kern County. Sidney P. Chapin, Judge.

Ernest J. Brooks, in pro. per., for Plaintiff and Appellant.

Frazier, Watson & Croutch, Craig R. Donahue and Daniel K. Dik for Defendant and Respondent.

-ooOoo-

Plaintiff Ernest J. Brooks appeals from a judgment of dismissal entered in favor of defendant Mercy Hospital after the trial court sustained defendant's demurrer to plaintiff's complaint on statute of limitations grounds. Plaintiff argues the trial court erred because it failed to apply the tolling provision set forth at Code of Civil Procedure section 352.1,[1] which grants a two-year tolling of the statute of limitations to persons who are imprisoned "for a term less than for life." (§ 352.1, subd. (a).) Plaintiff contends that under a longstanding judicial construction of this provision (i.e., *Grasso v. McDonough Power Equipment, Inc.* (1968) 264 Cal.App.2d 597 (*Grasso*) [construing predecessor tolling statute, § 352]), the phrase "for a term less than for life" includes a life sentence where there is a possibility of parole. In other words, the tolling provision has been interpreted to apply to all prisoners except those subject to a life sentence *without* the possibility of parole. Plaintiff is correct that *Grasso* is dispositive here. As more fully explained below, we conclude that section 352.1 tolling should have been applied to plaintiff, which means the trial court erred in concluding that the statute of limitations expired. Accordingly, we reverse the judgment appealed from, with instructions that the trial court enter a new order overruling defendant's demurrer to plaintiff's complaint.

## FACTS AND PROCEDURAL HISTORY

The parties do not dispute that plaintiff was and is a prison inmate at Corcoran State Prison, serving an indeterminate life sentence that includes a possibility of parole. In April 2013, while serving said life sentence, plaintiff was taken for medical care and treatment to Mercy Hospital in Bakersfield. The parties do not dispute that plaintiff's action arises out of that medical care and treatment. The gist of plaintiff's complaint, as summarized in the parties' briefing, is that defendant negligently overmedicated him and

---

[1]     Unless otherwise indicated, further statutory references are to the Code of Civil Procedure.

2.

allowed an "IV Port" to become infected, among other things. On September 5, 2013, plaintiff served on defendant a notice of intent to sue.

Plaintiff's complaint was filed on September 24, 2014. Defendant filed a demurrer on the ground that the action was time-barred by the statute of limitations applicable to causes of action for alleged professional negligence by a health care provider—i.e., section 340.5.

The hearing on the demurrer was held on April 16, 2015, after which the trial court took the matter under submission. On May 7, 2015, the trial court issued the following written ruling: "Defendant Dignity Health, dba Mercy Hospital of Bakersfield's demurrer to the complaint is sustained without leave to amend. The one (1) year statute of limitations expired pursuant to … section 340.5, and the limitations period was not tolled under … section 352.1 as plaintiff is serving an indetermina[te] life sentence …." (Some capitalization omitted.) Having concluded that tolling under section 352.1 was inapplicable, the trial court then proceeded to explain why the one-year provision in section 340.5 had expired: "The date that a cause of action accrues for statute of limitations purposes is the date the plaintiff discovers or has a factual basis to suspect that defendant committed some wrong against him. Based on plaintiff's pleadings he had such factual basis during the period of his hospitalization in 04/2013. He certainly appreciated his claim no later than 09/05/2013 when he gave notice of intent to sue to the hospital. He did not file his action until 09/24/2014, more than one year from either his hospitalization or notice of intent to sue. [¶] … [¶] The complaint is to be dismissed as to the demurring defendant." (Some capitalization omitted.)

Subsequent to the trial court's ruling, a judgment of dismissal was entered in favor of defendant. Plaintiff filed a timely notice of appeal.[2]

---

[2]     The notice of appeal was filed five days prior to entry of the judgment. We treat the premature notice as being from the judgment. (*Eckhart v. Genuine Parts Distributors* (1997) 53 Cal.App.4th 1340, 1344.)

## DISCUSSION

### I. Standard of Review

On appeal from a judgment dismissing an action after sustaining a demurrer, we review de novo whether the complaint states facts sufficient to constitute a cause of action. (*McCall v. PacifiCare of Cal., Inc*. (2001) 25 Cal.4th 412, 415.) Where a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Any questions of statutory interpretation are reviewed de novo. (*People ex rel. Lockyer v. Shamrock Foods Co*. (2000) 24 Cal.4th 415, 432.)

### II. Scope of Tolling Provision as Construed by *Grasso*

The applicable statute of limitations for professional negligence by a health care provider is section 340.5, which states in relevant part as follows: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person."

Section 352.1, the special tolling provision relating to prisoners, provides in relevant part as follows: "If a person entitled to bring an action … is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years." (§ 352.1, subd. (a).)

In *Belton v. Bowers Ambulance Service* (1999) 20 Cal.4th 928, 931–935 (*Belton*), the Supreme Court explained the interplay between sections 340.5 and 352.1, holding that the two-year tolling for prisoners as provided in section 352.1 is applicable to the one-year limitations period in section 340.5, but not to the three-year limitations period in that section. Thus, a prisoner's time to sue a health care provider can be extended by his or her incarceration up to, but never beyond, the maximum three-year deadline contained in section 340.5. (*Belton*, *supra*, at pp. 931–935.) In *Belton*, the prisoner had filed his complaint more than one year after discovery of his cause of action, but within the three-year maximum period. Therefore, the complaint was not barred by the statute of limitations because the one-year period was tolled under section 352.1. (*Belton*, *supra*, at pp. 930–931, 934–935.) The trial court's contrary decision on demurrer was reversed by the Court of Appeal, and the Supreme Court affirmed the Court of Appeal. (*Id*. at pp. 930, 935.)

Here, the trial court concluded that section 352.1 did not apply because plaintiff was serving a life sentence. It appears the trial court viewed the wording of section 352.1 literally, without adequately considering the prior judicial construction given to it. On appeal, plaintiff argues that since his life sentence includes the possibility of parole, section 352.1 *was* applicable to him. As we explain, plaintiff is correct.

In *Grasso*, the Court of Appeal construed the scope of section 352 (the predecessor to section 352.1). It concluded that the statutory language providing for tolling of the limitation period to persons imprisoned "'for a term less than for life'" should not be interpreted as excluding all life-termers, but only those without the possibility of parole. (*Grasso*, *supra*, 264 Cal.App.2d at pp. 599–602.) In so holding, *Grasso* explained that in 1872, when section 352 was first enacted, a life sentence "was literally a life sentence." (*Grasso*, *supra*, at p. 599.) There was no possibility of parole and during the prisoner's literal lifetime of incarceration, his or her civil rights were suspended for the duration. (*Id*. at pp. 599–602; see *De Lancie v. Superior Court* (1982)

5.

31 Cal.3d 865, 870–871 [as far as civil rights were concerned, life-termers were deemed "'*civilly dead*'"].) Thus, no one serving a life sentence in those days would ever be able to avail himself or herself of "the fruits of litigation." (*Grasso*, *supra*, at p. 600.) According to *Grasso*, this history reflects why the Legislature originally excluded life-termers from the tolling provision: "In the nineteenth century to have given an exemption from the statute of limitations to one who had no limitation on his confinement save that of death, would have been to bestow a sardonic favor." (*Ibid.*) However, by the time *Grasso* was decided, nearly a century after section 352 was first enacted, the basic assumptions of what a life term entailed had changed in significant ways: The possibility of parole was built into most life sentences, and other legislation (i.e., Pen. Code, former § 2601) was in place to allow restoration of civil rights to such prisoners.[3] Because of these substantial changes in the nature and implications of a typical life sentence, and in light of Penal Code former section 2601, *Grasso* construed Code of Civil Procedure section 352 to mean that only those sentenced to life without possibility of parole should be excluded from the tolling provision. (*Grasso*, *supra*, at pp. 599–602; accord, 3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 702, p. 922.)[4]

Moreover, the Legislature appears to have signaled its approval of *Grasso's* judicial construction when, in 1994, it enacted section 352.1 as a separate provision from section 352, utilizing the same statutory wording. (Stats. 1994, ch. 1083, §§ 4–5

---

[3]    At the time *Grasso* was decided, Penal Code former section 2601 still provided that life-termers were "'*civilly dead*,'" but it permitted the "'Adult Authority'" to restore such civil rights to persons sentenced to life imprisonment as it deemed proper. (*Grasso*, *supra*, 264 Cal.App.2d at p. 600.) Now, of course, the balance has shifted even further in favor of recognizing prisoners' rights. Hence, a prisoner may be deprived of only such rights as is reasonably related to legitimate penological interests (Pen. Code, § 2600) and the prisoner otherwise retains civil rights, including the right to initiate civil actions (Pen. Code, § 2601, subd. (d)).

[4]    On this point, *Grasso* stated: "The reason for excluding life termers from the lifting of the statute of limitations, valid as it was in 1872, has been largely lost in the developments of the century which has passed, except possibly as the reason may still exist for that limited class of persons who cannot be paroled or released." (*Grasso*, *supra*, 264 Cal.App.2d at p. 601.)

[enacting § 352.1 from former § 352, but limiting tolling to two years, and deleting prisoner tolling provision from revised § 352].)  Of course, the Legislature is presumed to be aware of judicial decisions already in existence, and to have enacted or amended a statute in light thereof.  (*People v. Giordano* (2007) 42 Cal.4th 644, 659.)  Where the language of a statute uses terms that have been judicially construed, courts generally presume that the Legislature intended the terms to have the same precise meaning as was placed on them by the courts.  (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1046; *Richardson v. Superior Court* (2008) 43 Cal.4th 1040, 1050.)  "When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature intended the same construction, unless a contrary intent clearly appears."  (*People v. Lopez* (2003) 31 Cal.4th 1051, 1060.)  Applying this presumption to the present case, we conclude that when the Legislature enacted section 352.1 and continued to use the same language from former section 352, stating that tolling would be granted to persons imprisoned "for a term less than for life," the Legislature did so with knowledge and in light of *Grasso's* prior judicial construction thereof, and with an intention to continue that construction of the statutory language.  Accordingly, *Grasso* remains good law.

From what has been discussed above, it is evident that the trial court erred in sustaining the demurrer on statute of limitations grounds, which error stemmed from the trial court's failure to apply the tolling provision in section 352.1 to plaintiff.

**DISPOSITION**

The judgment is reversed. The trial court is instructed to enter a new order overruling defendant's demurrer to the complaint. Costs on appeal are awarded to plaintiff.

_____
KANE, Acting P.J.

WE CONCUR:


_____
DETJEN, J.


_____
PEÑA, J.