NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 7 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY WAYNE ARNETT, | No. 15-15225 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-02066-LJO-MJS |
| v. | |
| WALGREEN COMPANY, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted October 25, 2016**

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Timothy Wayne Arnett appeals pro se from the district court's judgment

dismissing his diversity action alleging medical malpractice and wrongful death

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal for failure to state a claim under Federal Rule of Civil Procedure

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

12(b)(6), *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004), and we affirm.

The district court properly dismissed Arnett's action because it was barred by the three-year statute of limitations and Arnett failed to plead facts demonstrating that tolling should apply. *See* Cal. Civ. Proc. Code § 340.5 (setting forth three-year statute of limitations and reasons why it may be tolled); *see also Belton v. Bowers Ambulance Serv.*, 978 P.2d 591, 593 (Cal. 1999) ("No tolling provision outside of [those identified in section 340.5] can extend the three-year maximum time period that section 340.5 establishes.").

The district court did not abuse its discretion in dismissing Arnett's complaint without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that "a district court may dismiss without leave where . . . amendment would be futile").

Arnett's contention that the magistrate judge erred by not informing him of the statute of limitations issue is unpersuasive.

Arnett's pending motions are denied.

**AFFIRMED.**

15-15225