**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL SHOTWELL, | No. 20-15018 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-02894-WHA |
| v. | |
| CHAVEZ-EPPERSON; E MEDINA; S. BEYER; SMITH; BOLES; FLOREZ; GARCIA; VARGAS; PETERSON, Sergeant; RAMIREZ; AVILA, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| DELANEY; G. FLETEZ; J. CERMENO; HEADSPETH; A. SOLIS; R. MOJICA, | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 12, 2021[]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

California prisoner Manuel Eugene Shotwell appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action against Salinas Valley State Prison personnel. The district court dismissed some claims and granted summary judgment on the remainder. We affirm in part and reverse in part.

The district judge had jurisdiction because some parties did not consent to magistrate judge jurisdiction. *See* 28 U.S.C. § 636(c)(1); *Allen v. Meyer*, 755 F.3d 866, 868 (9th Cir. 2014). We perceive no abuse of discretion[1] in the district court's disposition of the various motions and requests about which Shotwell complains. The district court's determination that no exceptional circumstances existed warranting appointment of counsel is well-supported by the record. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds by Rand v. Rowland*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The district court properly denied Shotwell's motion for default as to six unserved defendants. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] *See United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

840 F.2d 685, 687–88 (9th Cir. 1988); *see also* Fed. R. Civ. P. 55(a). The district court did not abuse its discretion in denying Shotwell's motions to compel discovery, nor did Shotwell demonstrate any prejudice therefrom. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Likewise, because Shotwell was not wrongly denied discovery, his challenges to orders regarding summary judgment deadlines, purported discovery abuses, and sanctions also fail.

Shotwell challenges the dismissal of three of his claims at screening; the district court did not err. *See Belanus v. Clark*, 796 F.3d 1021, 1024 (9th Cir. 2015); *see also Thompson v. Paul*, 547 F.3d 1055, 1058–59 (9th Cir. 2008). More specifically: Shotwell failed to state a First Amendment mail interference claim against defendant J. Cermeno because Shotwell did not plausibly allege that he suffered any actual injury as a result of that isolated incident. *See Lewis v. Casey*, 518 U.S. 343, 348–49, 116 S. Ct. 2174, 2178–79, 135 L. Ed. 2d 606 (1996); *Keenan v. Hall*, 83 F.3d 1083, 1093–94 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998). Shotwell's First Amendment retaliation claim against defendants Smith, Boles, and Florez was properly dismissed because he failed to allege that those defendants were motivated by his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Shotwell failed to state an Eighth Amendment claim against defendants S. Beyer, Ramirez, and Avila based on an

3

opposite-gender search. *See Somers v. Thurman*, 109 F.3d 614, 623 (9th Cir. 1997).

Although we agree with the district court's summary judgment order in many respects, we reverse in part as to three specific issues. We reject Shotwell's argument that the defendants waived their statute of limitations defenses, which were pled in their answers. *See Magana v. Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997). The district court properly determined that Shotwell's claims were subject to a two-year statute of limitations[2] and that Shotwell was entitled to two years of tolling by virtue of his incarceration.[3] We also agree with the district court that the additional tolling Shotwell sought was not warranted. *Cf.* Fed. R. Civ. P. 4(m); *Stoll v. Runyon*, 165 F.3d 1238, 1242–43 (9th Cir. 1999).

However, the district court erred in determining that Shotwell's First Amendment retaliation claim against defendant E. Medina (alleging improper processing of Shotwell's grievances about mail interference) was untimely. Medina processed some grievances after June 16, 2011, less than four years prior

---

[2] Cal. Civ. Proc. Code § 335.1; *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).

[3] Cal. Civ. Proc. Code § 352.1(a); *Fink*, 192 F.3d at 914. We reject Shotwell's argument that he is entitled to indefinite tolling because he has not argued or shown that he has no possibility of parole. *See Brooks v. Mercy Hosp.*, 204 Cal. Rptr. 3d 289, 290 (Ct. App. 2016).

to Shotwell's filing of his original complaint, and the original complaint referred to those incidents. His claim arising from those later incidents was timely. On remand, the district court should consider whether any earlier alleged instances of grievance-processing amounted to part of a continuing violation or were discrete acts. *See Pouncil v. Tilton*, 704 F.3d 568, 574, 580 (9th Cir. 2012); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118, 122 S. Ct. 2061, 2075, 153 L. Ed. 2d 106 (2002).

Second, the district court erred in determining that Shotwell's First Amendment claims against defendant Chavez-Epperson for mail interference and retaliation were untimely.[4] Some of the incidents on which those claims were premised occurred after April 11, 2012, less than four years before the filing of the first amended complaint; they were therefore timely. Moreover, many instances of mail interference were alleged in the original complaint, and those that accrued after June 16, 2011, were also timely. On remand, the district court should determine whether any earlier incidents of mail interference were part of a continuing violation or were discrete acts.

---

[4] We decline to consider in the first instance the defendants' alternative grounds for affirming judgment on these claims.

Third, the district court erred in entering summary judgment for unserved defendants Florez, Garcia, and Smith. *See Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013). We reverse the judgment in their favor and remand for further proceedings. *See id.* at 976; Fed. R. Civ. P. 4(m).

We affirm the district court's summary judgment as to Shotwell's other claims, which arise from allegedly abusive jail cell searches, failures to call him for yard access and work time, and his grievances about those incidents. All were untimely because they accrued more than four years prior to the filing of the first amended complaint, were not alleged in the original complaint, and did not otherwise relate back to that complaint.

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings only as to the three specific issues designated above.** The parties shall bear their own costs on appeal.