Filed 5/31/23  Deptula v. Friedman CA2/4
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CARA DEPTULA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LAUREN FRIEDMAN,<br><br>    Defendant and Respondent. | B321383<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV41594) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William A. Crowfoot, Judge.  Affirmed.

Cara Deptula, in pro. per., for Plaintiff and Appellant.

Wood, Smith, Henning & Berman, Ryan Deane, Trent G. Leaf for Defendant and Respondent.

**INTRODUCTION**

Appellant Cara Deptula alleged she was injured by dental work performed by respondent Lauren Friedman. Deptula's last treatment from Friedman was in October 2019, and Deptula alleged she was aware of her injuries and their cause by October 2020. Deptula sued Friedman for medical malpractice more than a year later, in November 2021. Friedman demurred, asserting that Deptula's claim was time-barred under Code of Civil Procedure, section 340.5,[1] which provides that a medical malpractice action must be filed within three years after the date of injury or one year after the plaintiff discovers the injury, whichever occurs first. Relying on Deptula's express allegation that she had discovered her injuries and their cause in October 2020, the superior court sustained Friedman's demurrer without leave to amend. Deptula appealed.

We affirm. Deptula alleged she was aware of her injuries and their cause in October 2020. We assume the truth of that allegation. Deptula filed her lawsuit over a year later, in November 2021. Deptula's claim is therefore time-barred under section 340.5.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.     Complaint**

On November 12, 2021, Deptula, acting in propria persona, filed a complaint for medical malpractice. She stated that her allegations arose from "medical malpractice as pertains to her dental care services received by Plaintiff between 2017 and 2019 . . . which caused her to lose teeth unnecessarily and suffer various unnecessary medical ailments." Deptula's allegations included

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

that Friedman prescribed root canals for teeth that were not infected; overprescribed antibiotics; recommended that a crown remain off an infected tooth so it could drain; installed crowns that lasted only two weeks; neglected to tell Deptula she had infections; and withheld dental records from Deptula and her new dentist.  Deptula alleged she suffered headaches, jaw pain, earaches, and face pain, and that the prescription of long-term antibiotics caused multiple, ongoing health problems.  She alleged she could not work as a result of her health issues, which also caused her to lose a school scholarship.

Regarding the timing of her injuries, Deptula alleged that "[a]ll damages occurred over a short period of six months between March – October of 2019."  She alleged she was in pain for several months, and at the time of her last appointment with Friedman on October 5, 2019, she had pain on both sides of her mouth.  She alleged that "[a]fter [Deptula] saw Friedman in October 2019, she knew she had to see another dentist" because she was "in severe pain and the doctor yet told her nothing was wrong."  Deptula alleged that she "got even more physically ill in November of 2019."

Deptula alleged that her new dentist "found the infection at the first appointment in January 2020," and Deptula's "pain continued until the tooth was pulled" by the new dentist on January 20, 2020.  In October 2020, she discovered "that her sickness was due to 3 infections left in her mouth and ignored by Friedman as well as the over prescription of 4 rounds of antibiotics over 40 days."  She alleged, "It was in October [2020] that plaintiff realized that the antibiotics along with the infections had brought out all these severe [health] issues."  Deptula further alleged, "The actual Date of full discovery of

3

damages was October of 2020 with more damages being seen and understood in March 2021." She also stated, "The cause of these injuries was discovered in late 2020, when Plaintiff sought other medical insights from doctors on previous prescriptions and treatments done by" Friedman.

Deptula alleged that she began requesting her dental records from Friedman in December 2019, but Friedman refused to provide the records. Deptula alleged that she received most of her records by May 2020, after she sought the assistance of the state Dental Board. She attached a notice of intent to sue dated February 1, 2021, which she had served on Friedman.[2] Deptula sought $266,000 in damages, as well as punitive damages.

## B.    Demurrer, opposition, and reply

Friedman filed a demurrer asserting that Deptula failed to state facts sufficient to constitute a cause of action because her claims were time-barred.[3] (§ 430.10, subd. (e).) Friedman noted that for medical malpractice, "the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." (§ 340.5.) Friedman stated that according to Deptula's complaint, she was aware of her injuries and their cause no later than January 2020, when she began seeing a different dentist, was informed about her tooth infections, and experienced relief

---

[2] Under section 364, subdivision (a), a plaintiff may not commence a medical malpractice action "unless the defendant has been given at least 90 days' prior notice of the intention to commence the action."

[3] Freidman also filed a motion to strike, which was deemed moot after the court sustained the demurrer without leave to amend. The motion to strike is not at issue in this appeal.

after an infected tooth was pulled.  Friedman asserted the statute of limitations on Deptula's claim therefore expired in January 2021—before Deptula filed her complaint in November 2021.

Friedman noted that under the Judicial Council's Emergency Rule 9(a),[4] statutes of limitation were tolled from April 6, 2020 to October 1, 2020 due to the Covid-19 pandemic. Friedman argued that this would extend the January 2021 limitation period into July 2021—which was still several months before Deptula filed her complaint.

Friedman further acknowledged that in a medical malpractice action, when a notice of intent to sue under section 364 "is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice." (§ 364, subd. (d).)  Here, however, Deptula served her notice of intent to sue on February 1, 2021, which was not within 90 days of the expiration of the statute of limitations, so this exception did not apply.

In her opposition to the demurrer, Deptula stated that Friedman was attempting to have the court "concoct its own date of discovery as January 2020," when "[t]he complaint states that injuries were discovered in October 2020, with additional injuries discovered through March 2021."  She stated that this date of discovery, along with the six months' tolling in Emergency Rule 9(a), rendered her November 2021 complaint timely.  Deptula asserted that Friedman delayed in providing Deptula's records to

---

[4] "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020."  (Cal. Rules of Court, Appen. I, Emergency Rule 9(a).)

her, and the "mere identification of infections by a new dentist" in January 2020 was "not enough to hold defendant responsible without dental records from defendant." Deptula stated that "later in 2020" she sought legal advice regarding suing Friedman, and the "[a]ttorneys advised [her] not to file suit until records were obtained." She attached a letter from an attorney, which noted that the attorney and Deptula discussed the matter in December 2020 and January 2021, but the attorney would not take the case without reviewing medical records first. Deptula asserted that Friedman's "various HIPAA violations" involved "concealment and delay of providing dental records" to Deptula, which supported tolling the statute of limitations.

In her reply, Friedman argued that if Deptula discovered her damages in October 2020, as alleged in the complaint and the opposition, the tolling of Emergency Rule 9(a) did not apply, because the statute of limitations did not begin to run until sometime in October 2020—after the emergency tolling period had ended. Friedman also disputed Deptula's claim that the discovery of her injuries was not complete until she received medical records or knew of all her alleged damages, noting that a plaintiff "discovers the cause of action when [she] at least suspects a factual basis . . . for its elements, even if [she] lacks knowledge thereof . . . ." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397 (*Norgart*).) Friedman asserted that it made no difference that an attorney told Deptula that she should wait until she received medical records, because discovery of an injury cannot be delayed based on the advice of counsel. (*Gutierrez v. Mofid* (1985) 39 Cal.3d 892, 895 (*Gutierrez*).)

6

## C.    Court ruling

The court issued a tentative ruling sustaining the demurrer.  There is no reporter's transcript of the hearing in the record on appeal.  Following the hearing, the court adopted its tentative ruling.

The court noted that under section 340.5, a medical malpractice action must be brought within three years after the date of injury or one year after the plaintiff discovers the injury, whichever occurs first.  The court stated that Deptula's "litany of facts shows that she knew as of January 2020 that [Friedman] had done 'something wrong'" based on her symptoms and information from the new dentist.  The court continued, "But even if [Deptula] only discovered her damages by October 31, 2020 at the latest, . . . [she] did not file this action until November 12, 2021, which is outside the one-year statute of limitations period."  The court further found that Deptula's reliance on counsel's advice regarding obtaining medical records did not extend the limitations period.  The court therefore sustained the demurrer without leave to amend, and dismissed the action.

Deptula timely appealed.

## DISCUSSION

### A.    Legal standards

"A demurrer tests the legal sufficiency of the factual allegations in a complaint."  (*Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 725.)  On appeal after a demurrer has been sustained, we determine de novo whether the complaint states facts sufficient to constitute a cause of action.  (*Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1100.)  We "'assume the truth of the complaint's properly pleaded or implied factual

allegations.'" (*Ibid.*) "On appeal, a plaintiff bears the burden of demonstrating that the trial court erroneously sustained the demurrer as a matter of law." (*Williams v. Sacramento River Cats Baseball Club, LLC* (2019) 40 Cal.App.5th 280, 286.)

As stated above, a medical malpractice action must be brought within "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." (§ 340.5.) The relevant question in this appeal is when Deptula discovered, or reasonably should have discovered, the injury. The term "injury" in section 340.5 refers to both the physical condition and its negligent cause. (*Gutierrez, supra,* 39 Cal.3d at p. 896.) "Thus, once a patient knows, or by reasonable diligence should have known, that [she] has been harmed through professional negligence, [she] has one year to bring [a] suit." (*Ibid.*)

**B.  Analysis**

Deptula asserts in her opening brief that she was "made aware that . . . Friedman was to blame for" her injuries "in October 2020." This comports with her complaint, which alleged, "The actual Date of full discovery of damages was October of 2020 with more damages being seen and understood in March 2021." We must "accept as true all the material allegations of the complaint" (*King v. CompPartners, Inc.* (2018) 5 Cal.5th 1039, 1049, fn.2), and therefore Deptula had one year from the date of discovery to file suit, until October 2021. Because she did not file her complaint until November 12, 2021, her cause of action is untimely.

The six-month tolling period imposed by Emergency Rule 9(a) has no effect on Deptula's claim. Emergency Rule 9(a) tolled

8

statutes of limitations "from April 6 to October 1, 2020." Because Deptula alleged that she discovered her cause of action sometime in October 2020, the statute of limitations began to run either on the very last day of the tolling period (October 1) or outside the tolling period altogether. Either way, her complaint, filed November 12, 2021, was untimely.

Deptula asserts that because she is not a doctor, she should not be expected to know the cause of her injuries, especially in light of Friedman's delays in providing Deptula's dental records, which "were needed in order to determine whether the treatments [Friedman] provided were legally sound." Deptula suggests that Friedman's withholding of her dental records could be construed as "fraud or intentional concealment." Indeed, the second sentence of section 340.5 allows the three-year statute of limitations to be tolled for fraud or intentional concealment.[5] However, "the second sentence applies only to the three-year maximum, not also to the one-year period." (*Belton v. Bowers Ambulance Service* (1999) 20 Cal.4th 928, 932.)

Moreover, whether Deptula obtained her dental records has no effect on the accrual of her claim. "The statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1110.) As long as Deptula had a reasonable basis to

---

[5] The second sentence of section 340.5 reads, "In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person."

9

sue, there was no need to gather specific evidence before filing her complaint. "A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery." (*Ibid*.) "Thus, when the patient's 'reasonably founded suspicions [have been aroused],' and she has actually 'become alerted to the necessity for investigation and pursuit of her remedies,' the one-year period for suit begins." (*Gutierrez, supra*, 39 Cal.3d at p. 897.) The complaint makes clear that Deptula knew of her injuries and their cause no later than October 2020.

Deptula further contends that any delay in filing was based on advice from the attorney who "told her she must wait for dental records before filing the lawsuit." However, advice from an attorney cannot extend the statute of limitations. The Supreme Court considered a similar argument in *Gutierrez, supra*, 39 Cal.3d 892. There, in December 1978 the plaintiff authorized a surgery to diagnose abdominal pain and remove a tumor on her appendix; she awoke to find that the surgeons had done a complete hysterectomy. (*Id*. at p. 895.) The plaintiff immediately felt the surgeons had done something wrong to her, but an attorney she consulted "told her there was 'no provable malpractice.'" (*Id*. at p. 896.) After consulting a second law firm, the plaintiff filed a malpractice action in November 1980. (*Ibid*.) The plaintiff acknowledged that her claim was filed more than a year after she knew of her injury and suspected malpractice, but she argued that "her prompt consultation with an attorney prevented her from learning the 'negligent cause' of her condition . . . since the lawyer told her she had no legal claim." (*Id*. at p. 897.)

The Supreme Court rejected this argument. It stated that under the statute of limitations in section 340.5, "[i]t is irrelevant that the plaintiff is ignorant of [the] legal remedy or the legal theories underlying [her] cause of action. Thus, if one has suffered appreciable harm and knows or suspects that professional blundering is its cause, the fact that an attorney has not yet advised [her] does not postpone commencement of the limitations period." (*Gutierrez, supra*, 39 Cal.3d at p. 898.) The court reiterated, "we are not persuaded that reliance on an attorney's advice postpones the time of 'discovery,' thus extending the limitations period applicable to one who had already come to suspect [she] is a victim of malpractice." (*Ibid.*)

The same is true here. Deptula's complaint makes clear that she suspected her injury was caused by Friedman's wrongdoing no later than October 2020. The statute of limitations began running then—not when Deptula sought or received advice about how to proceed with a lawsuit.[6]

Deptula asserts in the alternative that the three-year limitation in section 340.5 should apply instead of the one-year

_____

[6] Deptula also suggests, "At worst, [the] attorney who advised [Deptula] could be held responsible under California Code of Civil Procedure 473 b." Section 473, subdivision (b), allows a court to "relieve a party or his or her legal representative from a judgment . . . taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." Deptula neither filed an application for relief under section 473 nor asserted this argument in her opposition below, so this contention has been forfeited. (*Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1038 ["It is axiomatic that arguments not raised in the trial court are forfeited on appeal"].)

11

limitation. She argues, "[T]his case was filed within the three year period permitted by [section] 340.5 so it should not be necessary for [Deptula] to prove why she did or did not file within one year." However, section 340.5 states that an action must be brought within three years of the injury or one year of discovery, "whichever occurs first." The last possible date of injury was October 5, 2019 (the last date of Friedman's treatment), triggering a three-year limitation date of October 4, 2022. Deptula discovered the injury in October 2020, triggering a one-year limitation date sometime in October 2021. The one-year limitation date—October 2021—"occurs first," so that limitation applies under section 340.5.

Deptula also argues that she sent an intent-to-sue notice to Friedman in February 2021, which "caused equitable tolling of the statute of limitations." Section 364, subdivision (d) states that an intent-to-sue notice may toll the statute of limitations "[i]f the notice is served within 90 days of the expiration of the applicable statute of limitations." Here, the February 1, 2021 intent-to-sue letter was not served within 90 days of the expiration of the statute of limitations period (October 2021). An intent-to-sue notice served *before* the last 90 days of the limitation period does not toll the statute of limitations. (*Woods v. Young* (1991) 53 Cal.3d 315, 325.) Deptula cites no other authority suggesting that an intent-to-sue notice may otherwise toll the limitations period.

Many of Deptula's arguments boil down to a contention that it is unfair to apply the one-year limitation period to her claim without considering "mitigating factors." However, a statute of limitations reflects a "balance the Legislature struck between a plaintiff's interest in pursuing a meritorious claim and

12

the public policy interests in prompt assertion of known claims. The courts may not shift that balance by devising expedients that extend or toll the limitations period." (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 756 [discussing section 340.6].)

## DISPOSITION

The judgment is affirmed. The parties are to bear their own costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, ACTING, P.J.

We concur:

MORI, J.

ZUKIN, J.[*]

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.